[Cite as *Suermondt v. Lowe*, 2011-Ohio-5752.]

COURT OF APPEALS
MORGAN COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| MARGARET SUERMONDT, | JUDGES:<br>Hon. William B. Hoffman, P.J.<br>Hon. Sheila G. Farmer, J.<br>Hon. Julie A. Edwards, J. |
| Plaintiff-Appellant, | |
| v. | Case No. 10-CA-2 |
| DUANE M. LOWE ET AL., | |
| Defendants-Appellees. | O P I N I O N |

CHARACTER OF PROCEEDING:       Appeal from the Morgan County Court of
                               Common Pleas, Case No. CV-02-104

JUDGMENT:                      Affirmed

DATE OF JUDGMENT ENTRY:        November 3, 2011

APPEARANCES:

For Plaintiff-Appellant                For Defendants-Appellees

DANIEL G. PADDEEN                      LEWIS M. TINGLE
Tribbie, Scott, Plummer & Padden       138 North Seventh Street
139 West 8th Street                    Cambridge, Ohio 43725
P.O. Box 640
Cambridge, Ohio 43725

*Hoffman, P.J.*

{¶ 1} Plaintiff-appellant Margaret Suermondt appeals the August 23, 2010 Decision: Judgment Entry of the Morgan County Court of Common Pleas, which rendered judgment in favor of defendants-appellees Duane M. Lowe et al. and against Appellant, following this Court's remand in *Suermondt v. Lowe*, Morgan App. No. 05-11, 2006-Ohio-224.

STATEMENT OF THE FACTS AND CASE

{¶ 2} On July 9, 2002, Appellant filed an action against her uncle, Appellee Duane M. Lowe and his wife, Appellee Carol Sue Lowe. Therein, Appellant asserted she was entitled to recover certain real property, known as "the 18-acre tract," which was formerly part of the "Gregg Farm." Appellant sought to quiet title to the 18-acre tract and sought other relief, including an order requiring Appellees to vacate the tract. Appellees filed a counterclaim, contending if Appellant prevailed, they would be entitled to a portion of the purchase price paid by Appellant, specifically $25,000, as reasonable compensation for their 18 acres.

{¶ 3} The trial court conducted a one-day trial to the bench on October 21, 2004. The following evidence was adduced.

{¶ 4} Mildred Lowe, now deceased, was the grandmother of Appellant and the mother of Appellee Duane Lowe. Mildred Lowe was the owner of the "Gregg Farm" which consisted of approximately 204 acres. On or about October 1, 1991, Mildred Lowe gave a written option to purchase real estate to Appellant. This option granted Appellant the exclusive right to purchase the Gregg Farm for the price of $150,000. The Gregg Farm was described in the option to purchase, and by its express terms, the

option could not be exercised prior to the expiration of six months following the death of Mildred Lowe. The option was filed for record with the Morgan County Recorder almost 6 years later on May 8, 1997, at 10:05 A.M.

{¶ 5}  Also, on May 8 1997, Mildred Lowe entered into a written contract for sale of real estate with Appellee Duane Lowe, whereby Mildred Lowe agreed to sell a portion of the Gregg Farm to Appellees, which was described by reference to landmarks and not by precise metes and bounds. This property was referred to as the "18-acre tract" throughout this action. This contract was filed for record with the Morgan County Recorder on May 8, 1997, at 1:57 P.M.

{¶ 6}  On June 20, 1997, the sale between Mildred Lowe and Appellees was closed in the offices of the attorney who represented Mildred Lowe. The attorney had knowledge of the existence of Appellant's option and claimed he informed Appellee Duane Lowe of that fact sometime prior to the actual closing.

{¶ 7}  As part of the closing procedure, a written amendment to the contract for sale of the real estate, which the attorney had previously prepared, was signed by Mildred Lowe and Appellee Duane Lowe. The amendment expressly recited, inter alia, the existence of the recorded option to Appellant, which option included the real estate being sold. The amendment also provided Mildred Lowe would deliver only a quit-claim deed rather than a general warranty deed as was provided for in the original contract.

{¶ 8}  Mildred Lowe and Appellee Duane Lowe completed the closing on June 20, 1997.  Mildred Lowe executed two quit-claim deeds for the parcels comprising the 18-acre tract, and Appellees entered possession of said real estate. The deeds were

subsequently filed for record with the Morgan County Recorder on June 25, 1997. Appellees used the land for their horses.

{¶ 9} Although requested she give her consent to the sale of the 18-acre parcel to Appellees, Appellant refused to do so. Appellant testified she never consented or agreed to the proposed sale. In Appellant's opinion, the 18-acre tract was part of the Gregg Farm and was included in the option given to her from Mildred Lowe. Appellant asserted she did not wish to give up any of her rights under the option.

{¶ 10} On July 18, 1997, Mildred Lowe signed an affidavit of facts relating to title, pursuant to R.C. 5301.252. In that affidavit, Mildred reaffirmed, by means of the option dated October 1, 1991, she granted to Appellant the right to purchase the Gregg Farm in its entirety for the total purchase price of $150,000, exercisable upon her death, but not sooner than six months following that event. The affidavit was filed for record on July 21, 1997, with the Morgan County Recorder. The affidavit makes no mention of the 18-acre tract to Appellees as being excepted from the option or otherwise.

{¶ 11} According to Appellant, Mildred Lowe subsequently asked Appellant if she would buy the Gregg Farm from her while she was still living rather than waiting until after her death, and Appellant agreed to do so. On August 31, 2000, Mildred Lowe and Appellant went to the office of Attorney Kevin Sykes, who represented Mildred Lowe with regard to the sale of the Gregg Farm to Appellant. Appellant signed an affidavit of facts relating to title, pursuant to R.C. 5301.252, which had been prepared by Sykes. In the affidavit, appellant stated that she was then exercising her option to purchase the Gregg Farm during the lifetime of Mildred Lowe with Mildred's consent. Appellant further stated in her affidavit it was her specific intent that her acquisition of the remainder of

the Gregg Farm from Mildred Lowe, exclusive of the 18-acre tract, would not result in any merger or estoppel to extinguish her rights under the 1991 option relating to the 18-acre tract and her exercise of the option covered the entire Gregg Farm, including the 18-acre tract conveyed in 1997 to Appellees. The affidavit was filed for record on September 1, 2000, with the Morgan County Recorder. According to Appellant, Mildred Lowe was present when Appellant signed the affidavit and she voiced no objection. Mildred Lowe returned the following day, September 1, 2000, to Sykes's office and signed the deed conveying the remaining 186 acres of the Gregg Farm to Appellant.

{¶ 12} On September 1, 2000, Mildred Lowe executed and delivered Appellant a general-warranty deed. By its language, it conveyed the remaining acreage of the Gregg Farm, exclusive of the 18-acre tract and consisting of 186 acres more or less. The warranty deed recited the property conveyed was subject to all easements, conditions, covenants, reservations, revertors, and other liens and/or encumbrances, if any, of record and the conveyance was made pursuant to the 1991 option.

{¶ 13} Following the closing on September 1, 2000, appellant resided with her husband and Mildred Lowe on the Gregg Farm. Mildred Lowe died on December 28, 2001.

{¶ 14} On April 6, 2005, the trial court filed its judgment entry rendering judgment in favor of Appellees and against Appellant. The trial court based its decision solely upon the doctrine of merger by deed.

{¶ 15} Appellant filed a timely notice of appeal from the aforesaid judgment entry to this Court. This Court reversed the judgment of the trial court and remanded the

matter. We found the doctrine of merger by deed was inapplicable as the deed had not been unqualifiedly delivered and accepted by Appellant.

{¶ 16} Upon remand, the trial court ordered the parties to submit written final arguments on or before September 18, 2006. Via Decision: Judgment Entry filed August 23, 2010, the trial court again ruled in favor of Appellees, finding Appellant's claims were barred by the doctrines of waiver and laches.

{¶ 17} It is from this judgment entry, Appellant appeals raising as error:

{¶ 18} "I. THE TRIAL COURT ERRED IN ENTERING JUDGMENT AGAINST PLAINTIFF-APPELLANT BASED UPON THE DOCTRINES OF WAIVER AND LACHES."

I

{¶ 19} Herein, Appellant maintains the trial court erred in finding the doctrines of laches and waiver prevented her from pursuing any right to the property in question. Specifically, Appellant asserts Appellees did not properly raise the affirmative defenses of laches and waiver in accordance with Civ. R. 8(C); therefore, the trial court erred in sua sponte applying those defenses to bar her claims.

{¶ 20} Civ. R. 8(C) governs the pleading of affirmative defenses and provides, in pertinent part:

{¶ 21} "In pleading to a preceding pleading, a party shall set forth affirmatively * * * laches, * * *, waiver, and any other matter constituting an avoidance or affirmative defense. When a party has mistakenly designated a defense as a counterclaim or a counterclaim as a defense, the court, if justice so requires, shall treat the pleading as if there had been a proper designation."

**{¶ 22}** Upon review of the pleadings, we find Appellant is partially correct. Appellees did not raise the affirmative defense of laches. We find the trial court improperly relied upon the doctrine of laches in support of its decision. However, the trial court also found the doctrine of waiver applicable, which Appellees did specifically raise in their Answer. By virtue of the two-issue rule, a decision which is supported by one or more alternate grounds properly submitted is invulnerable to attack on one issue only. *Hampel v. Food Ingredients Specialties, Inc.* (2000), 89 Ohio St.3d 169, 185, 729 N.E.2d 726, quoting *H.E. Culbertson Co. v. Warden* (1931), 123 Ohio St. 297, 303, 175 N.E. 205. Accordingly, because the trial court granted judgment in favor of Appellees on both the defenses of laches and waiver, the fact the trial court incorrectly found laches does not result in reversal.

**{¶ 23}** Appellant's sole assignment of error is overruled.[1]

By: Hoffman, P.J.

Edwards, J. concurs,

Farmer, J. dissents

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN

_____
HON. SHEILA G. FARMER

s/ Julie A. Edwards_____
HON. JULIE A. EDWARDS

---

[1] In her Reply Brief, Appellant raises new arguments as to the merits of Appellees' defense of waiver. A reply brief is not the place for briefing new substantive arguments that were not raised in appellant's brief. See App.R. 16(C). See, also, *State ex rel. Colvin v. Brunner,* 120 Ohio St.3d 110, 2008-Ohio-5041, 896 N.E.2d 979, ¶ 61. Accordingly, we shall not consider these arguments.

*Farmer, J., dissents*

{¶24} I respectfully disagree with the majority's opinion that the doctrine of waiver applies sub judice.

{¶25} As noted by the majority, there are no genuine issues of fact in dispute. The sole issue is the proper application of the law to the option between appellant and Mildred Lowe. On its face, the option was not exercisable until six months after the death of Mildred Lowe. Therefore, it was a right subject to total or partial defeasance during the lifetime of Mildred Lowe. Mildred Lowe chose to partially defease the parcel by selling 18 acres to Duane Lowe prior to her death, and permitted appellant to purchase the remaining acres. These two actions voluntarily voided the option between appellant and Mildred Lowe. Therefore, there was no option to be exercised upon Mildred Lowe's death.[2]

{¶26} I would find that no option existed and appellant failed in her cause of action.

s/ Sheila G. Farmer _____
HON. SHEILA G. FARMER

---

[2]The validity of the option is raised by appellees in their answer and their briefing to the trial court.

IN THE COURT OF APPEALS FOR MORGAN COUNTY, OHIO
FIFTH APPELLATE DISTRICT

MARGARET SUERMONDT,             :

:

    Plaintiff-Appellant,            :

:

v.                             :            JUDGMENT ENTRY

:

DUANE M. LOWE ET AL.,         :

:

    Defendants-Appellees.      :            Case No. 10-CA-2

For the reasons stated in our accompanying Opinion, the August 23, 2010

Decision: Judgment Entry of the Morgan County Court of Common Pleas is affirmed.

Costs to Appellant.

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN

_____
HON. SHEILA G. FARMER

s/ Julie A. Edwards_____
HON. JULIE A. EDWARDS