Hoffman, P.J.
{¶ 1} Appellant Freeport Lodge # 415 Free & Accepted Masons of Ohio appeals the judgment entered by the Guernsey County Common Pleas Court dismissing their action to quiet title and reform a deed following a bench trial. Appellees are MC Mineral Company, L.L.C.; Chesapeake Exploration, L.L.C., CHK Utica, L.L.C.; Chesapeake Appalachia, L.L.C.; Chesapeake Energy Marketing, L.L.C.; Total E & P USA, Inc.; Total Gas & Power *424 North America, Inc.; P. Nathan Bowles, Jr., Trustee; Deutsche Bank Trust Company Americas;, Haymaker Properties, LP; and Carizzo (Utica), L.L.C.
STATEMENT OF THE FACTS AND CASE
{¶ 2} Jay and Mary Heller (hereinafter "Hellers") owned 160.25 acres of real estate in Guernsey County. On July 30, 1966, they entered into an option agreement to sell the property to Island Creek Coal Company, reserving the oil and gas rights. The option provided it would expire on September 5, 1966. On or about September 13, 1966, the Hellers executed a warranty deed to Island Creek Coal, with no reference to the reservation of oil and gas rights contracted for in the option agreement.
{¶ 3} Subsequently, the Hellers leased the oil and gas three times, and conveyed their oil and gas interest in the property via quit claim deed to Appellant on July 15, 1994. On June 11, 2015, Appellant brought the instant action against Appellees, all of whom except Carizzo claim either interest in the subject property or working interest in an oil and gas lease from MC Mineral. Appellee Carizzo owns no interest in the property, but operated wells in a portion of the property. The action sought to quiet title in the oil and gas rights by reforming the 1966 deed between the Hellers and Island Creek Coal Company, in order to reflect the Hellers' reservation of oil and gas rights.
{¶ 4} The case proceeded to bench trial. The court found a mutual mistake of fact in the 1966 deed regarding the reservation of the oil and gas rights. However, the court found Appellant's action barred by the statute of limitations, holding as follows:
10. Ohio Revised Code Section 2305.22 provides, " Sections 2305.03 to 2305.21, 1302.98, and 1304.35 of the Revised Code, respecting lapse of time as a bar to suit, do not apply in the case of an action by a vendee of real property, in possession thereof, to obtain a conveyance of the real property."
11. Therefore, the ten (10) year statute of limitations on equitable cause [sic] of action described in R.C. 2305.14 does not apply to "an action by a vendee of real property, in possession thereof, to obtain a conveyance of the real property."
12. Both Ms. Bond and Thomas Zechman testified that the Lodge received the 1994 Quit Claim Deed as a gift. The Lodge did not provide any compensation or payment in exchange for the deed from the Hellers. The oil and gas rights were not purchased by the Lodge.
13. The Court holds that the Lodge is not a vendee of real property for purpose of R.C. 2305.22 because it did not purchase any interest in the Property. "A vendee is defined as a purchaser of real property." Miller v. Cloud , 2016-Ohio-5390, 76 N.E.3d 297, ¶ 67 (7th Dist.) citing Black's Law Dictionary (10th ed. 2014) (Emphasis added ); Yoho v. Robertson , 7th Dist., No. 590, 1991 WL 66207 (April 19, 1991) (must be a sale of real property to be a vendee).
14. There was no testimony supporting the Lodge's position that the exception set forth in R.C. 2305.22 applies to it.
15. As noted above, Mr. Zechman testified that the Lodge had not paid anything for the oil and gas rights and a "vendee" has been defined as a purchaser of real property.
16. The Lodge has not asserted a claim for conveyance of the Property. See Miller v. Cloud , 2016-Ohio-5390, 76 N.E.2d [N.E.3d] 297, ¶ 7 (7th Dist.)
*425 ("The Millers filed suit for declaratory judgment, quiet title, injunction, and sale of real estate ." (Emphasis added .)
17. The Lodge is not seeking to reform the 1994 Quit Claim Deed it received from the Hellers. Instead, it is seeking to reform the 1966 Warranty Deed to which it was not the vendor or a vendee - the Lodge was not a party to the 1966 Warranty Deed.
18. This Court must determine the ownership interests of the parties of the subject minerals pursuant to R.C. 5303.01. The Court concludes as a matter of law that the Plaintiff's claims are time barred by the Ohio Revised Code Section 2305.22.
Judgment Entry, December 29, 2017, Conclusions of Law ¶¶ 10-18.
{¶ 5} It is from the December 29, 2017 judgment Appellant prosecutes its appeal, assigning as error:
THE TRIAL COURT ERRED IN FINDING THAT APPELLANT FREEPORT LODGE # 415 FREE & ACCEPTED MASONS OF OHIO (THE "LODGE") IS NOT A VENDEE AS DESCRIBED IN R.C. 2305.22 THUS THE DEED REFORMATION IS BARRED BY THE TEN-YEAR STATUTE OF LIMITATIONS SET FORTH IN R.C. 2305.14.
{¶ 6} Appellees MC Mineral Company, L.L.C.; Chesapeake Exploration, L.L.C., CHK Utica, L.L.C.; Chesapeake Appalachia, L.L.C.; Chesapeake Energy Marketing, L.L.C.; Total E & P USA, Inc.; Total Gas & Power North America, Inc.; P. Nathan Bowles, Jr., Trustee; Deutsche Bank Trust Company Americas; and Haymaker Properties, LP have filed a notice of cross-appeal, assigning as error[1] :
'I. THE LODGE FAILED TO SHOW BY CLEAR AND CONVINCING EVIDENCE THAT THE 1966 WARRANTY DEED DID NOT EXPRESS THE INTENT OF THE PARTIES DUE TO MUTUAL MISTAKE.
"II. THE LODGE WAS NOT IN CONSTRUCTIVE POSSESSION OF THE PROPERTY BY WAY OF THE 1994 DEED.
"III. THERE IS NO TESTIMONY SUPPORTING THE TRIAL COURT'S FINDING THAT THE OPTION AGREEMENT SHOULD HAVE PUT A TITLE SEARCHER ON NOTICE OF A RESERVATION."
I.
{¶ 7} We first address Appellant's single assignment of error on appeal. Appellant argues the court erred in finding it was not a "vendee" pursuant to R.C. 2305.22.
{¶ 8} R.C. 2305.14 sets forth a ten-year statute of limitations applicable to the instant action. However, R.C. 2305.22 provides an exception:
Sections 2305.03 to 2305.21, 1302.98, and 1304.35 of the Revised Code, respecting lapse of time as a bar to suit, do not apply in the case of an action by a vendee of real property, in possession thereof, to obtain a conveyance of the real property.
{¶ 9} Appellant argues a "vendee" is defined as a purchaser of real property, and as a purchaser of real property from the Hellers under the 1994 deed, Appellant is therefore a vendee, excepted from operation of the ten-year statute of limitations set forth in R.C. 2305.14.
{¶ 10} Appellant cites *426 Miller v. Cloud, 7th Dist. Columbiana, 2016-Ohio-5390, 76 N.E.3d 297, in support of its claim it is a vendee. In Miller, the court stated, "A vendee is defined as a purchaser of real property. Id. at ¶ 67. However, in that case the Millers were the vendee of the deed which they sought to reform. In the instant case, as found by the trial court, Appellant does not seek to reform the 1994 deed by which the Hellers conveyed the oil and gas rights to it, but rather seeks to reform the 1966 deed to which it was not a party. The purpose of R.C. 2305.22 was explained in Sams v. Nolan, 4th Dist. Ross No. 1326, 1987 WL 13947, *3 :
This exception, allowing a vendee in possession of real property to have that property legally conveyed to him, permits remedial, ministerial corrections in defective deeds to be made at any time. Reformation actions excepted from the statute of limitations by R.C. 2305.22 are those which merely protect a possessor's right to his interest in land conveyed by a defective deed or contract.
{¶ 11} Appellant is not claiming the deed which conveyed its interest from the Hellers is defective, but rather is claiming the deed between the Hellers and Island Creek in 1966 was defective. Assuming arguendo Appellant could claim operation of R.C. 2305.22 as a successor in interest to the Hellers, the Hellers were not the vendees of the 1966 deed. The Hellers were the vendors, and as such to the extent Appellant stands in the shoes of the Hellers as to the 1966 deed, they do so as the vendor, and not as the vendee. We agree with the trial court Appellant is not a vendee with respect to the instant action for deed reformation of the 1966 deed.
{¶ 12} Further, R.C. 2305.22 sets forth three requirements for the exception to the statute of limitations to apply: the party is a vendee of real property, the party is in possession of the property, and the action is one to obtain a conveyance of the real property. The trial court also found Appellant had not asserted a claim to obtain a conveyance of the real property. Appellant does not challenge this finding on appeal. By virtue of the two-issue rule, a decision which is supported by one or more alternate grounds properly submitted is invulnerable to attack on one issue only. Suermondt v. Lowe , 5th Dist. Morgan No. 10-CA-2, 2011-Ohio-5752, 2011 WL 5352458, ¶ 22, citing Hampel v. Food Ingredients Specialties, Inc. , 89 Ohio St.3d 169, 185, 729 N.E.2d 726 (2000). Accordingly, because the trial court found Appellant had not asserted a claim to obtain a conveyance of the property and Appellant has not challenged this finding on appeal, the judgment must be affirmed.
{¶ 13} Appellant's assignment of error is overruled.
{¶ 14} Appellees' cross-assignment of errors are rendered moot by our disposition of Appellant's assignment of error.
{¶ 15} The judgment of the Guernsey County Common Pleas Court is affirmed.
Baldwin, J., and Wise, Earle, J., concur

The assignments of error set forth in Appellees' brief are not properly before this Court as a cross-appeal, as Appellees do not seek to change the judgment in the instant case. See App. R. 3(C). Rather, they are cross-assignments of error, which need be considered only if this Court reverses the judgment of the trial court. See. R.C. 2505.22.