[Cite as *Koberlin v. Koberlin*, 2018-Ohio-4806.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| CINDY KOBERLEIN | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellant | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| GEORGE J. KOBERLEIN | : | Case No. 2018CA00010 |
| | : | |
| Defendant-Appellee | : | O P I N I O N |


CHARACTER OF PROCEEDING:    Appeal from the Court of Common Pleas, Domestic Relations Division, Case No. 2014DR00881


JUDGMENT: December 3, 2018          Affirmed



DATE OF JUDGMENT:



APPEARANCES:

For Plaintiff-Appellant                  For Defendant-Appellee

JOHN M. DOHNER                     RANDAL A. LOWRY
407 Quaker Square                    4000 Embassy Parkway
120 East Mill Street                   Suite 200
Akron, OH  44308                     Akron, OH  44333

                                     KENNETH L. GIBSON
                                     234 Portage Trail
                                     Cuyahoga Falls, OH  44221

*Wise, Earle, J.*

{¶ 1}   Plaintiff-Appellant, Cindy Koberlein, appeals the January 3, 2018 judgment entry of the Court of Common Pleas of Stark County, Ohio, Domestic Relations Division, denying her Civ.R. 60(B) motion for relief from judgment.  Defendant-Appellee is George Koberlein.

## FACTS AND PROCEDURAL HISTORY

{¶ 2}   Appellant and appellee were married on April 8, 1978.  On August 21, 2014, appellant filed a complaint for divorce.  An amended complaint was filed on February 13, 2015.  After several continuances, a trial date was set for the week of March 14, 2016.

{¶ 3}   Prior to trial, the parties commenced in lengthy settlement negotiations.  The parties reached an agreement on March 18, 2016, in part dividing their numerous real estate holdings.  The trial court approved and adopted the separation agreement and issued a decree of divorce incorporating the agreement on March 31, 2016.

{¶ 4}   On March 28, 2017, appellant filed a motion for relief from judgment pursuant to Civ.R. 60(B).  Appellant argued following the divorce decree, an issue arose as to the apportionment between the parties of capital gains taxes relating to two properties located in Florida titled solely in her name.  Appellee argued appellant was solely responsible for the capital gains taxes, and appellant argued the parties intended to divide the taxes equally, although that intention was not included in the separation agreement.  Appellant argued mutual mistake, inadvertence, excusable neglect, and/or fraud.  Appellant also filed a motion under Civ.R. 60(A) to correct a clerical error on June 12, 2017.  A hearing was held on October 2, 2017.  By judgment entry filed January 3, 2018, the trial court denied the motions, finding a correction under Civ.R. 60(A) would

substantially alter the parties' agreement and was not warranted, and the Civ.R. 60(B) motion was not made within a reasonable time and lacked merit.

{¶ 5}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶ 6}   "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED WIFE'S RULE 60(B) MOTION.  SPECIFICALLY, IT ERRED WHEN IT DETERMINED THAT HER CLAIMS WERE NOT MERITORIOUS, THAT THE COURT DID NOT HAVE THE JURISDICTION TO MODIFY THE AGREEMENT, AND THAT GRANTING THE MOTION WOULD BE INEQUITABLE."

II

{¶ 7}   "THE TRIAL COURT ERRED IN CONCLUDING THAT WIFE'S RULE 60(B) MOTION WAS UNTIMELY."

I

{¶ 8}   In her first assignment of error, appellant claims the trial court erred in denying her Civ.R. 60(B) motion because she did not have any meritorious claims to present.  We disagree.

{¶ 9}   A motion for relief from judgment under Civ.R. 60(B) lies in the trial court's sound discretion.  *Griffey v. Rajan,* 33 Ohio St.3d 75, 514 N.E.2d 1122 (1987).  In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶ 10} Appellant based her Civ.R. 60(B) motion on "mistake, inadvertence, surprise or excusable neglect," "fraud," and "any other reason justifying relief from the judgment." Civ.R. 60(B)(1), (3), and (5). In *GTE Automatic Electric Inc. v. ARC Industries, Inc.,* 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus, the Supreme Court of Ohio held the following:

> To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.

{¶ 11} The parties owned several properties. Some jointly and some solely in each parties' name. At issue are two Florida properties titled solely in appellant's name, 811 E. Vanderbilt and 10691 Gulf Shores. The separation agreement provides that the properties were to be sold and until such time, the parties were to equally share all profits and expenses. The net proceeds from the sales were also to be equally split. The trial court retained continuing jurisdiction to resolve any issues related to the sale of the properties. The separation agreement did not include any provisions for the allocation of capital gains taxes.

{¶ 12} Appellant now argues the parties intended to equally split the capital gains taxes on the two properties. Appellee argues capital gains taxes were not discussed, and his understanding was that each party would pay capital gains taxes on their respective titled properties. At the hearing, appellant testified it was her understanding that the capital gains taxes were to be split equally. T. at 111. Appellee testified his understanding was that he would pay the capital gains tax on his properties and appellant would "pay the capital gains on the properties that were in her name." T. at 120, 143. It was never his intention to split the capital gains taxes on the two subject properties. T. at 136. He believed he paid appellant 2.2 million dollars in cash as a negotiation for appellant paying the capital gains taxes on the two properties. T. at 143.

{¶ 13} During the hearing, the trial court heard from several witnesses, including appellant's two divorce attorneys, Peter Cahoon, Esq. and Marietta Pavlidis, Esq. Appellee's divorce attorney was James Mannos, Esq. who was not called to testify. The trial court reviewed the exhibits, including Plaintiff's Exhibit 1 and 2 which were the handwritten notes of all the attorneys on the proposed settlement negotiations (Schedules of Assets). Regarding these notes, the trial court found the following at Finding Nos. 10-12:

* * *The Schedules are substantially different with interlineations made by both Attorney Cahoon and Attorney Pavlidis. Attorney Cahoon could not recall whether the interlineations he made were done on March 1, 2016 or on a later date. Attorney Pavlidis made additional interlineations on Exhibit 2. However, she did not know whether these interlineations were

made on March 1st or on a later date. Neither attorney testified as to whether the interlineations were made in the presence of Attorney Mannos or the Defendant. Neither attorney testified that the interlineations were made with the consent of Attorney Mannos or the Defendant. Further, neither counsel nor the parties signed Exhibit 1 or Exhibit 2.

The testimony of Attorney Cahoon and Attorney Pavlidis as to which exhibit contained the final settlement were in direct contradiction and therefore not reliable. Attorney Cahoon testified that Exhibit 1 excluding the handwriting in blue was the final settlement agreement. Attorney Pavlidis testified that Exhibit 2 including all interlineations was the final settlement agreement.

Further, the Schedule of Assets produced by the Plaintiff is substantially different from the terms of the Separation Agreement incorporated into the Decree of Divorce. The second page of Exhibit 1 states that Defendant owes Plaintiff a property settlement of $1,605,330. However, the Separation Agreement entered into by the parties states the Defendant owes Plaintiff a property settlement of $2,206,902.50. A difference, in Plaintiff's favor, of $601,902.50. It is readily apparent from the testimony that the terms changed from the terms on Exhibit 1 to the terms contained within the Separation Agreement. Further, Exhibit 1 and Exhibit 2 state there were a number of issues still not resolved, including tax refunds, equipment and a truck. Lastly, Exhibit 1 and Exhibit 2 are parol evidence and have no legally binding effect.

{¶ 14} The trial court found the parties participated in lengthy settlement negotiations, lasting approximately 30 hours, and appellant read the settlement agreement, had ample time to review the agreement with her attorneys, understood the provisions therein, and believed the agreement was fair and equitable. Finding Nos. 9, 14, 15. The trial court also found appellant "received a distribution of assets including a lump sum property settlement of nontaxable cash in the amount of $2,206,902.50" and in exchange, appellee "retained most of the real estate and investment accounts that have built-in capital gains tax exposure." Finding No. 6.

{¶ 15} In denying the motion for relief from judgment, the trial court concluded the following in part:

Here, Plaintiff's counsel was responsible for drafting the agreement. Plaintiff had ample time to review the Separation Agreement. Plaintiff understood the agreement and believed the agreement was fair and equitable. Plaintiff signed the separation agreement of her own free act and deed. (See Separation Agreement, page 36). Plaintiff had nearly 20 months to litigate the matter. Plaintiff had competent counsel to negotiate the Separation Agreement. Defendant understood that he would pay the capital gains taxes for the properties that he was retaining and Plaintiff would pay the capital gains taxes for her Investment Properties. The Separation Agreement clearly states that each party will pay the debts incurred in each parties' names. The Separation Agreement was clear and

unambiguous. No evidence was presented that Defendant agreed to equally divide the capital gains taxes for the Investment Properties. No evidence was presented showing that either party failed to make a complete disclosure of all assets and debts. Under the parol evidence rule, Exhibit 1 and Exhibit 2 have no legal effect due to the parties entering into a Separation Agreement on March 18, 2016. Further, there is no evidence that Defendant or Attorney Mannos agreed to the interlineations on Exhibit 1 or Exhibit 2. Plaintiff should not now be permitted to modify the terms of the March 31, 2016 Divorce Decree which adopted the parties separation Agreement and Shared Parenting Plan.

{¶ 16} The trial court ultimately concluded "Plaintiff's claims are not meritorious." A review of the transcript and the exhibits supports the trial court's findings and conclusions. T. at 11-12, 17, 19, 25-27, 39, 42, 55, 57, 66-68, 83, 94, 107-108, 111, 120, 136, 143.

{¶ 17} Upon review, we find the trial court did not abuse its discretion in denying appellant's Civ.R. 60(B) motion on the merits.

{¶ 18} Assignment of Error I is denied.

II

{¶ 19} In her second assignment of error, appellant claims the trial court erred in denying her Civ.R. 60(B) motion because the motion was not filed within a reasonable time.

{¶ 20} Because the trial court found an alternate, independent ground for denying the Civ.R. 60(B) motion (no meritorious claims) which this court found to be supported by the record, we find any analysis as to whether the trial court erred on the untimeliness issue to be unnecessary under the two-issue rule. "By virtue of the two-issue rule, a decision which is supported by one or more alternate grounds properly submitted is invulnerable to attack on one issue only." *Freeport Lodge # 415 Free & Accepted Masons of Ohio v. MC Mineral Company,* 5th Dist. Guernsey No. 18 CA 2, 2018-Ohio-3783, ¶ 12, citing *Suermondt v. Lowe,* 5th Dist. Morgan No. 10-CA-2, 2011-Ohio-5752, ¶ 22, citing *Hampel v. Food Ingredients Specialties, Inc.,* 89 Ohio St.3d 169, 185, 729 N.E.2d 726 (2000).

{¶ 21} Because of this court's decision in Assignment of Error I, we find this assignment to be moot.

{¶ 22} The judgment of the Court of Common Pleas of Stark County, Ohio, Domestic Relations Division, is hereby affirmed.

By Wise, Earle, J.

Gwin, P.J. and

Delaney, J. concur.

EEW/db 1126