[Cite as *In re G.B.*, 2023-Ohio-4757.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| IN RE: G.B. | JUDGES:<br>Hon. William B. Hoffman, P.J.<br>Hon. Patricia A. Delaney, J.<br>Hon. Andrew J. King, J.<br><br>Case No. 2023CA00120<br><br>O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDINGS: | Appeal from the Stark County Court of Common Pleas, Family Court Division, Case No. 2022JCV01132 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | December 26, 2023 |
| APPEARANCES: | |

| | |
|---|---|
| For Mother | For Father |
| KATHALEEN S. O'BRIEN<br>116 Cleveland Ave., N.W., Suite #303<br>Canton, Ohio 44702 | BERNARD HUNT<br>2395 McGinty Road, N.W.<br>North Canton, Ohio 44720 |
| For Appellee | CASA GAL |
| JAMES B. PHILLIPS<br>Stark County Department of<br>Job and Family Services – Legal Dept.<br>221 – 3rd Street, S.E.<br>Canton, Ohio 44702 | LINDA PETERSON<br>110 Central Plaza South, Suite #450<br>Canton, Ohio 44702 |

*Hoffman, P.J.*

{¶1}   Appellant A.B. ("Mother") appeals the judgment entered by the Stark County Court of Common Pleas, Family Court Division, which terminated her parental rights with respect to her minor child ("the Child") and placed the Child in the permanent custody of appellee Stark County Department of Job and Family Services ("SCDJFS").

## STATEMENT OF THE FACTS AND CASE

{¶2}   The Child was born April 22, 2021.  SCJFS became involved with the family in July of 2022, and the Child was found to be dependent on December 8, 2022. Temporary custody of the Child was granted to SCDJFS, and a case plan was filed for Mother.

{¶3}   Mother's case plan required her to undergo a psychological evaluation with Summit Psychological Associates, undergo a drug and alcohol assessment with Comm Quest and follow all recommendations, undergo a mental health assessment and follow all recommendations including medication, acquire stable housing and employment, and comply with SCDJFS color code drug testing.

{¶4}   Mother completed the evaluation with Comm Quest, but later indicated she was not truthful during the evaluation, and requested another evaluation.  Mother completed the evaluation at Summit Psychological Associates.  Mother obtained housing at a sober living facility in Columbus, but did not obtain employment.  Mother did not fully comply with color code testing, and tested positive for methamphetamines on one occasion during the pendency of the case.  Mother did not address the mental health concerns in the case plan.

{¶5}   SCDJFS filed a motion for permanent custody of the Child on March 24, 2023.  SCDJFS also sought permanent custody of G.B.'s two biological brothers.  On

April 20, 2023, Mother filed a motion seeking a six-month extension of temporary custody of the Child.

**{¶6}** Mother's visits with the Child were suspended May 12, 2023, due to Mother's behavior at the visiting center. Mother was escorted from the visiting center due to her behavior on several occasions, and did not visit the child after the suspension.

**{¶7}** The case proceeded to a permanent custody hearing in the trial court on August 15, 2023. Following the hearing, the trial court found Mother had abandoned the Child by her failure to visit for a period of time greater than ninety days. The trial court also found the Child could not be placed with Mother in a reasonable period of time. The trial court found permanent custody was in the best interest of the Child, and granted permanent custody to SCDJFS.

**{¶8}** It is from the August 16, 2023 judgment of the trial court Mother prosecutes her appeal, assigning as error:

> I. THE TRIAL COURT ERRED IN GRANTING PERMANENT CUSTODY TO THE STARK COUNTY DEPARTMENT OF JOB AND FAMILY SERVICES (SCDJFS) AS SCDJFS FAILED TO SHOW BY CLEAR AND CONVINCING EVIDENCE THAT GROUNDS EXISTED FOR PERMANENT CUSTODY OF THE MINOR CHILD AND SUCH DECISION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

> II. THE TRIAL COURT ERRED IN GRANTING PERMANENT CUSTODY TO THE STARK COUNTY DEPARTMENT OF JOB AND FAMILY SERVICES (SCDJFS) AS SCDJFS FAILED TO SHOW BY CLEAR

AND CONVINCING EVIDENCE THAT IT IS IN THE BEST INTERESTS OF THE MINOR CHILD TO GRANT PERMANENT CUSTODY AND SUCH DECISION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

I., II.

{¶9}   In her first and second assignments of error, Mother argues the trial court erred in granting permanent custody to SCDJFS because she made progress on her case plan, and with an extension of temporary custody, she could have reunified with the Child. Mother specifically argues the findings the Child could not be placed with her in a reasonable period of time and permanent custody was in the best interest of the Child were against the manifest weight and sufficiency of the evidence.

{¶10} As an appellate court, we neither weigh the evidence nor judge the credibility of the witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. *Cross Truck v. Jeffries*, Stark App. No. CA5758, 1982 WL 2911 (Feb. 10, 1982.). Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Constr.*, 54 Ohio St.2d 279, 376 N.E.2d 578 (1978).

{¶11} R.C. 2151.414 sets forth the guidelines a trial court must follow when deciding a motion for permanent custody. R.C. 2151.414(A)(1) mandates the trial court schedule a hearing and provide notice upon the filing of a motion for permanent custody

of a child by a public children services agency or private child placing agency that has temporary custody of the child or has placed the child in long term foster care.

**{¶12}** Following the hearing, R.C. 2151.414(B) authorizes the juvenile court to grant permanent custody of the child to the public or private agency if the court determines, by clear and convincing evidence, it is in the best interest of the child to grant permanent custody to the agency, and any of the following apply: (a) the child is not abandoned or orphaned, and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents; (b) the child is abandoned; (c) the child is orphaned and there are no relatives of the child who are able to take permanent custody; or (d) the child has been in the temporary custody of one or more public children services agencies or private child placement agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999.

**{¶13}** Therefore, R.C. 2151.414(B) establishes a two-pronged analysis the trial court must apply when ruling on a motion for permanent custody. In practice, the trial court will usually determine whether one of the four circumstances delineated in R.C. 2151.414(B)(1)(a) through (d) is present before proceeding to a determination regarding the best interest of the child.

**{¶14}** We review a trial court's best interest determination under R.C. 2151.414(D) for an abuse of discretion. *In re D.A.*, 8th Dist. Cuyahoga No. 95188, 2010-Ohio-5618, ¶ 47. A trial court's failure to base its decision on a consideration of the best interest of the child constitutes an abuse of discretion. *In re R.S.,* 8th Dist. Cuyahoga No. 111353, 2022-Ohio-4387, ¶ 45 (Citation omitted). An abuse of discretion connotes more than an error

of law or judgment; it implies the court's attitude is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶15} In determining the best interest of the child at a permanent custody hearing, R.C. 2151.414(D)(1) mandates the trial court must consider all relevant factors, including, but not limited to, the following: (a) the interaction and interrelationship of the child with the child's parents, siblings, relatives, foster parents and out-of-home providers, and any other person who may significantly affect the child; (b) the wishes of the child as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child; (c) the custodial history of the child; (d) the child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody; and (e) whether any of the factors in division (E)(7) to (11) of R.C. 2151.414 apply in relation to the parents and child.

{¶16} The juvenile court has considerable discretion in weighing these factors. *In re D.A., supra* at ¶ 47. Although a trial court is required to consider each relevant factor under R.C. 2151.414(D)(1) in making a determination regarding permanent custody, "there is not one element that is given greater weight than the others pursuant to the statute." *In re Schaefer*, 111 Ohio St.3d 498, 2006-Ohio-5513, 857 N.E.2d 532, ¶ 56. Moreover, "[R.C. 2151.414(D)(1)] requires a weighing of all the relevant factors * * * [and] requires the court to find the best option for the child * * *." *Id.* at ¶ 64.

{¶17} While Mother argues the trial court's finding pursuant to R.C. 2151.414(B)(a) the Child cannot be placed with her within a reasonable time is not supported by the evidence, she does not challenge the trial court's finding pursuant to

R.C. 2151.414(B)(b) the Child was abandoned by Mother's failure to visit for a period of longer than ninety days. By virtue of the two-issue rule, a decision which is supported by one or more alternate grounds properly submitted is invulnerable to attack on one issue only. *Freeport Lodge # 415 Free & Accepted Masons of Ohio v. MC Mineral Company*, 5th Dist. Guernsey No. 18 CA 2, 2018-Ohio-3783, ¶ 12 (Citations omitted). Because the trial court need find only one of the factors set forth in R.C. 2151.414(B), the trial court's finding the Child was abandoned is dispositive without regard to whether the trial court properly found the Child could not be placed with Mother within a reasonable time.

**{¶18}** Nevertheless, we find the trial court's finding pursuant to R.C. 2151.414)(B)(a) is supported by the evidence. SCDJFS presented the testimony of the caseworker involved with the family. The caseworker testified Mother made some progress on her case plan, but began to work on her case plan too late to finish before the statutory deadline for reunification. Mother had only recently moved to a sober living facility to address her drug use, and the facility was not appropriate housing for the Child. Mother would not, in the opinion of the caseworker, benefit from a six-month extension. Mother was not employed, was not compliant with color code drug testing, and tested positive for methamphetamines during the pendency of the case. Mother had not addressed mental health concerns as required by the case plan, had not visited the child in more than ninety days, and had recently lost custody of the Child's two siblings.

**{¶19}** Mother argues the trial court abused its discretion in finding permanent custody to be in the best interest of the Child, again arguing she made progress on her case plan and would have benefitted from an extension of temporary custody.

**{¶20}** The caseworker involved with Mother and the Child testified the Child had no medical delays and is healthy. The Child currently lives in a foster home with her biological siblings and the two children of the foster parents. The Child is bonded to the foster parents and the other children in the household. The foster parents are in the process of adopting the Child's biological siblings and wish to adopt the Child. The caseworker testified there is a minimal bond between the Child and Mother, and the benefit of permanency outweighs any harm from severing the parental bond. The guardian ad litem for the Child also recommended permanent custody be granted to SCDJFS. We find the trial court did not abuse its discretion finding the best interest of the child would be served by a grant of permanent custody to SCDJFS.

**{¶21}** The first and second assignments of error are overruled. The judgment of the Stark County Common Pleas Court, Family Court Division, is affirmed.


By: Hoffman, P.J.

Delaney, J. and

King, J. concur