[Cite as *In re L.T.*, 2024-Ohio-2700.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| IN THE MATTER OF: L.T. | JUDGES:<br>Hon. Patricia A. Delaney, P.J.<br>Hon. William B. Hoffman, J.<br>Hon. Andrew J. King, J.<br><br>Case No. 2024CA00053<br><br>O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDINGS: | Appeal from the Stark County Court of Common Pleas, Family Court Division, Case No. 2022JCV01059 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | July 16, 2024 |
| APPEARANCES: | |

| | |
|---|---|
| For Appellee | For Mother D.P. |
| CHRISTINA EOFF<br>BRANDON J. WALTENBAUGH<br>Stark County Department of Job &<br>Family Services Legal Counsel<br>221 – 3rd Street, S.E.<br>Canton, Ohio 44702 | KATELYN SHOEMAKER<br>201 Cleveland Avenue, S.W., Suite #104<br>Canton, Ohio 44702<br><br>Guardian Ad Litem<br>KRISTIN L. ZALENSKI<br>122 Central Plaza, North, Suite #101<br>Canton, Ohio 44702 |

*Hoffman, J.*

**{¶1}** Appellant D.P. (hereinafter "Mother") appeals the judgment entered by the Stark County Common Pleas Court, Family Court Division, granting permanent custody of her child L.T. to Appellee Stark County Department of Job and Family Services (hereinafter "SCDJFS").

STATEMENT OF THE FACTS AND CASE

**{¶2}** L.T. was born on September 9, 2022. On September 14, 2022, SCDJFS filed a complaint alleging L.T. was abused and dependent. SCDJFS moved to dismiss the allegation of abuse, and Mother stipulated to a finding of dependency. The child was placed in the temporary custody of SCDJFS.

**{¶3}** Mother had prior pending cases with SCDJFS, which resulted in SCDJFS receiving permanent custody of four of Mother's other children. Mother previously gave birth to twins who tested positive for drugs at birth.

**{¶4}** Mother's case plan required her to have a substance abuse assessment completed at CommQuest and a mental health assessment completed at Coleman Behavioral Health, and to follow all recommendations. Goodwill Parenting was not included in the case plan because Mother previously failed to complete the program successfully, and Goodwill Parenting did not recommend Mother repeat the program due to her past poor performance in the program.

**{¶5}** As a result of her substance abuse assessment, Mother was placed on color code screening to monitor her sobriety. Mother had some compliance with color code screening, but after testing positive for Xanax, for which she did not have a prescription, Mother ended her participation in screening.

**{¶6}** Mother began engaging in mental health services, but was inconsistent in her participation. Because of her lack of engagement, mental health services were terminated and she was put on a wait list should she choose to reinitiate services.

**{¶7}** During visits with L.T., Mother played with L.T. on the floor, but when L.T. fell asleep, she would say, "[O]h thank goodness, now it's my time." Tr. 10. After a visit with the child on August 1, 2023, Mother missed two visits, and the caseworker assigned to Mother's case could not reach Mother. Mother did not visit L.T. again until February of 2024. L.T. was more bonded to the aide who assisted in visits than to Mother.

**{¶8}** L.T. was placed with his maternal great aunt and her daughter. L.T. bonded with his custodians, and visited multiple times weekly with his siblings, who are placed with other family members. L.T.'s great aunt wished to adopt L.T.

**{¶9}** SCDJFS moved for permanent custody of L.T. on August 10, 2023. The case proceeded to a hearing on March 29, 2024. Mother was served with notice of the hearing by publication after certified mail was returned unclaimed, and she failed to appear for the hearing. Following the hearing, the trial court found the child could not be placed with mother within a reasonable period of time and the child was abandoned by Mother by her failure to visit for a period of time exceeding ninety days. The trial court found permanent custody to be in the best interest of L.T., and granted permanent custody of L.T. to SCDJFS. It is from the March 29, 2024 judgment of the trial court Appellant prosecutes her appeal, assigning as error:

I. THE TRIAL COURT ERRED IN GRANTING PERMANENT CUSTODY TO THE STARK COUNTY DEPARTMENT OF JOB AND FAMILY SERVICES (SCDJFS) AS SCDJFS FAILED TO SHOW BY CLEAR AND CONVINCING EVIDENCE THAT GROUNDS EXISTED FOR PERMANENT CUSTODY AND SUCH DECISION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

II. THE TRIAL COURT ERRED IN GRANTING PERMANENT CUSTODY TO THE STARK COUNTY DEPARTMENT OF JOB AND FAMILY SERVICES (SCDJFS) AS SCDJFS FAILED TO SHOW BY CLEAR AND CONVINCING EVIDENCE THAT IT IS IN THE BEST INTERESTS OF THE MINOR CHILD TO GRANT PERMANENT CUSTODY AND SUCH DECISION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

I.

**{¶10}** In her first assignment of error, Mother argues the trial court's finding L.T. could not be placed with her within a reasonable period of time is against the manifest weight of the evidence.  She argues she was denied the opportunity to participate in Goodwill Parenting, and a six-month extension would have given her more time to comply with her case plan requirements and to repeat the Goodwill Parenting program.

**{¶11}** R.C. 2151.414 sets forth the guidelines a trial court must follow when deciding a motion for permanent custody. R.C. 2151.414(A)(1) mandates the trial court schedule a hearing and provide notice upon the filing of a motion for permanent custody

of a child by a public children services agency or private child placing agency that has temporary custody of the child or has placed the child in long term foster care.

{¶12} Following the hearing, R.C. 2151.414(B)(1) authorizes the juvenile court to grant permanent custody of the child to the public or private agency if the court determines, by clear and convincing evidence, it is in the best interest of the child to grant permanent custody to the agency, and that any of the following apply: (a) the child is not abandoned or orphaned, and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents; (b) the child is abandoned; (c) the child is orphaned and there are no relatives of the child who are able to take permanent custody; or (d) the child has been in the temporary custody of one or more public children services agencies or private child placement agencies for twelve or more months of a consecutive twenty-two month period.

{¶13} While Mother argues the trial court's finding pursuant to R.C. 2151.414(B)(1)(a) L.T. cannot be placed with her within a reasonable time is not supported by the evidence, she does not challenge the trial court's finding pursuant to R.C. 2151.414(B)(1)(b) L.T. was abandoned by Mother's failure to visit for a period of longer than ninety days. By virtue of the two-issue rule, a decision which is supported by one or more alternate grounds properly submitted is invulnerable to attack on one issue only. *Freeport Lodge # 415 Free & Accepted Masons of Ohio v. MC Mineral Company*, 2018-Ohio-3783, ¶ 12 (5th Dist.). Because the trial court need find only one of the factors set forth in R.C. 2151.414(B)(1), the trial court's finding L.T. was abandoned is dispositive without regard to whether the trial court properly found L.T. could not be placed with Mother within a reasonable time.

**{¶14}** Nevertheless, we find the trial court's finding pursuant to R.C. 2151.414(B)(1)(a) is supported by the evidence.

**{¶15}** Under R.C. 2151.414(E), the trial court must consider all relevant evidence before making a determination a child cannot be placed with a parent within a reasonable period of time. The trial court is required to enter such a finding if it determines, by clear and convincing evidence, one or more of the factors enumerated in R.C. 2151.414(E)(1) through (16) exist with respect to each of the child's parents.

**{¶16}** Because R.C. 2151.414 requires a juvenile court to find by clear and convincing evidence the statutory requirements are met, the sufficiency of-the-evidence and/or manifest-weight-of-the-evidence standards of review are the proper appellate standards of review of a juvenile court's permanent-custody determination, as appropriate depending on the nature of the arguments presented by the parties. *In re Z.C.,* 2023-Ohio-4703, ¶11. "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Id.* at ¶ 7, *quoting Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

**{¶17}** The trial court found L.T. could not be placed with Mother within a reasonable period of time pursuant to R.C. 2151.414(E)(11), which provides:

(E) In determining at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 of the

Revised Code whether a child cannot be placed with either parent within a reasonable period of time or should not be placed with the parents, the court shall consider all relevant evidence. If the court determines, by clear and convincing evidence, at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 of the Revised Code that one or more of the following exist as to each of the child's parents, the court shall enter a finding that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent:

(11) The parent has had parental rights involuntarily terminated with respect to a sibling of the child pursuant to this section or section 2151.353 or 2151.415 of the Revised Code, or under an existing or former law of this state, any other state, or the United States that is substantially equivalent to those sections, and the parent has failed to provide clear and convincing evidence to prove that, notwithstanding the prior termination, the parent can provide a legally secure permanent placement and adequate care for the health, welfare, and safety of the child.

{¶18} We find the trial court's finding is not against the manifest weight of the evidence. Mother did not appear at the hearing and did not present evidence to establish by clear and convincing evidence notwithstanding the termination of her parental rights as to her four other children, she could provide a secure placement for L.T. Mother complied only in part with the requirements of her case plan regarding substance abuse

and mental health treatment.  While she argues she was prevented from completing Goodwill Parenting, she was not permitted to repeat the program due to her own poor performance in the program in the recent past.  Mother visited inconsistently with L.T., and preferred when L.T. would sleep during the visits so she could have time to herself.

**{¶19}** The first assignment of error is overruled.

II.

**{¶20}** In her second assignment of error, Mother argues the trial court's finding permanent custody was in the best interest of L.T. is against the manifest weight of the evidence.  Because L.T. was placed with family, Mother argues the same objectives could have been achieved through a grant of legal custody, giving her more time to work on the objectives of her case plan.

**{¶21}** R.C. 2151.414(D) sets forth the factors to be considered by the trial court in considering whether permanent custody is in the child's best interest:

(D)(1) In determining the best interest of a child at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) or (5) of section 2151.353 or division (C) of section 2151.415 of the Revised Code, the court shall consider all relevant factors, including, but not limited to, the following:

(a) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child;

(b) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;

(c) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period, or the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period and, as described in division (D)(1) of section 2151.413 of the Revised Code, the child was previously in the temporary custody of an equivalent agency in another state;

(d) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;

(e) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child.

{¶22} In the instant case, L.T. has lived with his great aunt since his birth in 2022. He is very bonded to his great aunt and her daughter, and visited with his siblings multiple times per week. L.T. is physically healthy, developmentally on target, and his great aunt wished to adopt him. Mother did not visit regularly, and as a result, L.T. has minimal bond with Mother. Further, the trial court found R.C. 2151.414(E)(11) applied in relation to

Mother and L.T. based on permanent custody of Mother's other four children being awarded to SCDJFS.   We find the trial court's finding permanent custody was in the best interest of L.T. is not against the manifest weight of the evidence.

**{¶23}** The judgment of the Stark County Common Pleas Court, Family Court Division, is affirmed.


By: Hoffman, J.
Delaney, P.J.  and
King, J. concur