[Cite as *In re A.P.*, 2025-Ohio-5704.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| IN RE: A.P. | Case No. 2025 CA 0070 |
| | Opinion and Judgment Entry |
| | Appeal from the Richland County Court of Common Pleas, Juvenile Division, Case No. 2023 DEP 00045 |
| | Judgment: Affirmed |
| | Date of Judgment Entry: December 22, 2025 |

**BEFORE:** Craig R. Baldwin, William B. Hoffman, Kevin W. Popham, Appellate Judges

**APPEARANCES:** Sarah E. Exten, Richland County Children Services, for Appellee; James L. Blunt, II, for Appellant

OPINION

*Hoffman, J.*

{¶1}   Appellant J.C. (hereinafter "Mother") appeals the judgment entered by the Richland County Common Pleas Court, Juvenile Division, terminating her parental rights and granting permanent custody of her biological child A.P. to Appellee Richland County Children Services (hereinafter "RCCS").[1]

## STATEMENT OF THE FACTS AND CASE

{¶2}   In March of 2023, RCCS became involved with Mother due to concerns of substance abuse, economic instability, and insufficient parenting skills.  Mother's case plan required her to submit to a drug and alcohol assessment with random drug and alcohol testing, complete a parenting course, and prepare to meet the basic needs of her children with adequate housing and income through employment, public benefits, or a combination of both.

{¶3}   On November 20, 2024, RCCS moved to terminate Mother's parental rights as to A.P. and her sibling, C.P.[2]  The case proceeded to trial before a magistrate.   The magistrate found Mother substantially complied with the "basic needs" portion of the case plan.  She obtained and maintained employment and housing and visited the children regularly.  The magistrate found Appellant made progress in substance abuse treatment in the six months immediately preceding the permanent custody hearing.   However, based on events occurring over the prior two years involving Mother's use of alcohol and drugs and questions about Mother's credibility, the magistrate found substance abuse

---

[1] A.P.'s biological father's parental rights were also terminated.  Father is not a party to this appeal.
[2] C.P. is the subject of a separate appeal.

treatment had not resolved Mother's substance abuse problems. Although domestic violence was not listed as a concern in the case plan, the magistrate noted Father was in jail for domestic violence against Mother at the time of the hearing, and Mother was involved in another abusive relationship which resulted in the incarceration of Mother's boyfriend for strangulation. The magistrate found Mother completed a parenting and psychological evaluation as required by the case plan. However, the evaluator found Mother demonstrated a desire to push through the process without dealing with her underlying issues. The evaluator found Mother to be untruthful, and recommended Mother demonstrate nine months of confirmed sobriety before reunification with her children.

{¶4} The magistrate found pursuant to R.C. 2151.414(B)(1)(d) the children had been in the custody of RCCS for thirteen of the prior twenty-two months. In the alternative, the magistrate found pursuant to R.C. 2151.414(B)(1)(a) the children could not be placed with Mother within a reasonable period of time. The magistrate found permanent custody to be in the best interest of the children and recommended a grant of permanent custody to RCCS.

{¶5} Mother filed objections to the magistrate's decision. The trial court overruled Mother's objections and adopted and approved the magistrate's decision, awarding custody of the children to RCCS. It is from the May 9, 2025, judgment of the trial court Mother prosecutes her appeal, assigning as error:

I. WHETHER THE TRIAL COURT ERRED BY GRANTING PERMANENT CUSTODY TO RICHLAND COUNTY CHILDREN SERVICES.

II. WHETHER THE TRIAL COURT ERRED BY FINDING THAT APPELLANT FAILED TO [MAKE] SIGNIFICANT PROGRESS ON THE CASE PLAN TO AMELIORATE THE ISSUES WHICH CAUSED THE CHILDREN TO BE REMOVED.

I., II.

{¶6} We address both assignments of error together, as Mother did in her brief. Mother argues the trial court erred in awarding permanent custody of the children to RCCS because she had completed her case plan. We disagree.

{¶7} R.C. 2151.414 sets forth the guidelines a trial court must follow when deciding a motion for permanent custody. R.C. 2151.414(A)(1) mandates the trial court schedule a hearing and provide notice upon the filing of a motion for permanent custody of a child by a public children services agency or private child placing agency that has temporary custody of the child or has placed the child in long term foster care.

{¶8} Following the hearing, R.C. 2151.414(B)(1) authorizes the juvenile court to grant permanent custody of the child to the public or private agency if the court determines, by clear and convincing evidence, it is in the best interest of the child to grant permanent custody to the agency, and that any of the following apply: (a) the child is not abandoned or orphaned, and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents; (b) the child is

abandoned; (c) the child is orphaned and there are no relatives of the child who are able to take permanent custody; or (d) the child has been in the temporary custody of one or more public children services agencies or private child placement agencies for twelve or more months of a consecutive twenty-two month period.

{¶9} While Mother argues the trial court's finding pursuant to R.C. 2151.414(B)(1)(a) A.P. cannot be placed with her within a reasonable time is not supported by the evidence, she does not challenge the trial court's finding pursuant to R.C. 2151.414(B)(1)(d) A.P. has been in the temporary custody of RCCS for twelve or more months of a consecutive twenty-two month period. By virtue of the two-issue rule, a decision which is supported by one or more alternate grounds properly submitted is invulnerable to attack on one issue only. *Freeport Lodge # 415 Free & Accepted Masons of Ohio v. MC Mineral Company,* 2018-Ohio-3783, ¶ 12 (5th Dist.). Because the trial court need find only one of the factors set forth in R.C. 2151.414(B)(1), the trial court's finding A.P. was in the custody of RCCS for thirteen of the prior twenty-months is dispositive without regard to whether the trial court properly found A.P. could not be placed with Mother within a reasonable period of time.

{¶10} Nevertheless, we find no error in the trial court's finding A.P. could not be placed with Mother within a reasonable period of time. Mother summarily argues she completed her case plan. However, the trial court questioned Mother's credibility concerning her recent sobriety. The trial court did find Mother attended the services recommended by the case plan, but the services did not solve her substance abuse problem and relapse remained a significant concern. Magistrate's Decision, 5/9/25, ¶¶16,

20. Mere completion of the case plan is insufficient to preclude termination of parental rights. *See, e.g., In re B.P.,* 2021-Ohio-3148, ¶ 57 (4th Dist.).

{¶11} Mother's first and second assignments of error are overruled. The judgment of the Richland County Common Pleas Court, Juvenile Division, is affirmed. Costs are assessed to Mother.

By: Hoffman, J.

Baldwin, P.J. and

Popham, J. concur