[Cite as *Frazeysburg v. Stokes*, 2018-Ohio-4153.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| VILLAGE OF FRAZEYSBURG | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellant | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| PATRICIA J. STOKES | : | Case No. CT2018-0022 |
| | : | |
| Defendant-Appellee | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Court of Common
Pleas, Case No. CF2017-0010


JUDGMENT:                    Affirmed


DATE OF JUDGMENT:            October 9, 2018


APPEARANCES:

For Plaintiff-Appellant                For Defendant-Appellee

GERALD J. TIBERIO, JR.                 DAVID B. STOKES
37 South 7th Street                    33 West Main Street
Suite 250                              Suite 102
Zanesville, OH  43701                  Newark, OH  43055

*Wise, Earle, J.*

{¶ 1}   Plaintiff-Appellant, Village of Frazeysburg, appeals the March 20, 2018 judgment entry of the Court of Common Pleas of Muskingum County, Ohio reversing the decision of the village board of zoning.  Defendant-Appellee is Patricia J. Stokes.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   On April 8, 2002, appellant passed Village of Frazeysburg Zoning Ordinance 02-09.  On February 9, 2015, the ordinance was repealed and amended (Ordinance 24-14).

{¶ 3}   Appellee lives in an R-1 single-family residential district.  On March 26, 2015, the village zoning inspector notified appellee via letter that she was in violation of the Ordinance, Section 2.01(b) (Permits and Certificates, Zoning Permit), for having a building or other structure on her property without a zoning permit (fence and chicken coop).  The letter also informed her that livestock was not permitted in an R-1 district. The letter ordered appellee to remove the fence and chicken coop within fourteen days.

{¶ 4}   On October 6, 2015, appellant cited appellee with one count of engaging in agriculture, a prohibited activity outside of an agriculture and estate district, in violation of Ordinance 24-14, Section 8.06 (Permitted and Conditional Uses in Residential Districts), a minor misdemeanor, for harboring or keeping poultry on her property.  The citation was filed with the Mayor's Court, but was later transferred to the County Court (Case No. CRB-1500878).  On October 30, 2015, the county court dismissed the case for vagueness prior to the arraignment hearing.  The state of Ohio did not appeal.

{¶ 5}   On January 20, 2016, the village zoning inspector again notified appellee via letter that she was in violation, but this time the violation was for violating Sections

1.04 (Allowable Uses), 2.01(b) (Permits and Certificates, Zoning Permit), 10.01(a) (Accessory Uses and Structures, Compatibility), and 10.02(g)(1) and (6) (Home Occupations, Prohibited Occupations), for having a fence, chicken coops, and chickens on her property without a zoning permit. The letter ordered appellee to remove the fence, chicken coop, and chickens within fourteen days.

{¶ 6} On August 8, 2016, Ordinance 24-14 was revised and amended to specifically prohibit the keeping and harboring of livestock and poultry within residential zoned areas [Ordinance 15-16, Section 8.06(c)]. The amended ordinance also prohibited the installation of livestock or poultry structures.

{¶ 7} On August 11, 2016, the village zoning inspector notified appellee via letter that she was still in violation of the same sections as the January letter. The letter ordered appellee to remove the fence, chicken coop, and chickens within thirty days. The letter did not include a violation of Ordinance 15-16, Section 8.06(c), because it was not yet effective, the effective date being thirty days after the new ordinance was published.

{¶ 8} Appellee appealed the August 2016 letter to the village board of appeals. A hearing was held on November 14, 2016. The board affirmed the letter and the minutes of the meeting were adopted on December 12, 2016.

{¶ 9} Appellee filed an appeal with the Court of Common Pleas. A hearing was held on March 27, 2017. By judgment entry filed March 20, 2018, the trial court reversed the decision of the village board of appeals, finding the dismissal of the October 6, 2015 citation constituted res judicata.

{¶ 10} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:

I

{¶ 11} "THE TRIAL COURT ERRED AS A MATTER OF LAW BY REVERSING THE DECISION OF THE VILLAGE OF FRAZEYSBURG BOARD OF ZONING APPEALS."

I

{¶ 12} In its sole assignment of error, appellant claims the trial court erred in reversing the decision of the board of zoning appeals.  We disagree.

{¶ 13} Specifically, appellant argues the trial court erred in finding the doctrine of res judicata applied in this case.  Res judicata is defined as "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 653 N.E.2d 226 (1995), syllabus.

{¶ 14} Pursuant to R.C. 2506.04, in an administrative appeal, the common pleas court considers the whole record, including any new or additional evidence, and determines whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence.  In reviewing an appeal of an administrative decision, a court of common pleas begins with the presumption the board's determination is valid, and the appealing party bears the burden of showing otherwise.  *Hollinger v. Pike Township Board of Zoning Appeals,* 5th Dist. Stark No. 09CA00275, 2010-Ohio-5097.

{¶ 15} As an appellate court, our standard of review to be applied in an R.C. 2506.04 appeal is "limited in scope." *Kisil v. Sandusky*, 12 Ohio St.3d 30, 34, 465 N.E.2d 848 (1984).  "This statute grants a more limited power to the court of appeals to review

the judgment of the common pleas court only on 'questions of law,' which does not include the same extensive power to weigh 'the preponderance of the substantial, reliable, and probative evidence,' as is granted to the common pleas court." *Id.* at fn. 4.

{¶ 16} Ultimately, the standard of review for appellate courts in an R.C. Chapter 2506 appeal is "whether the common pleas court abused its discretion in finding that the administrative order was or was not supported by reliable, probative, and substantial evidence." *See Weber v. Troy Township Board of Zoning Appeals*, 5th Dist. Delaware No. 07 CAH 04 0017, 2008-Ohio-1163. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶ 17} "The standard of review for courts of appeals in administrative appeals is designed to strongly favor affirmance" and "permits reversal only when the common pleas court errs in its application or interpretation of the law or its decision is unsupported by a preponderance of the evidence as a matter of law." *Cleveland Clinic Foundation v. Cleveland Board of Zoning Appeals*, 141 Ohio St.3d 318, 2014-Ohio-4809, 23 N.E.3d 1161.

{¶ 18} In its judgment entry filed March 20, 2018, the trial court determined the following:

> After a thorough review of the record, including the parties' oral arguments (*supra*), this court finds in favor of Patricia J. Stokes, appellant, and reverses the decision of the Village's BZA. The record does not, by a

preponderance of the evidence (infra), support the finding that appellant violated the Village Zoning Ordinance. The dismissal by the Muskingum County Court (*supra*) constitutes <u>*res judicata*</u> herein. * * *

<u>*Res judicata*</u> applies to administrative proceedings that are of a judicial nature and where the parties have had an ample opportunity to litigate the issues involved in the proceedings. (*Grava*). As above noted, appellee did not appeal the dismissal by the Muskingum County Court.

{¶ 19} In the county court action, appellant was cited for engaging in agriculture, a prohibited activity outside of an agriculture and estate district, in violation of Ordinance 24-14, Section 8.06, for harboring or keeping poultry on her property. The case was dismissed for "vagueness" prior to the arraignment hearing. At the March 27, 2017 hearing, there was much discussion as to what the "vagueness" finding referred to, the way the citation was written or the language of the actual ordinance. T. at 4-9, 27-31, 34-35. The trial court noted "it doesn't sound like that dismissal is on the merits." T. at 39-40. We find there is nothing in the record to establish that the county court's dismissal had anything to do with the merits.

{¶ 20} The subject of this case is an August 11, 2016 letter sent to appellee from the village zoning inspector notifying her that she was still in violation of the same ordinance sections as outlined in a January 20, 2016 letter. The January letter notified appellee that she was in violation of Ordinance 24-14, Sections 1.04 (Allowable Uses), 2.01(b) (Permits and Certificates, Zoning Permit), 10.01(a) (Accessory Uses and Structures, Compatibility), and 10.02(g)(1) and (6) (Home Occupations, Prohibited

Occupations), for having a fence, chicken coops, and chickens on her property without a zoning permit.  Section 8.06, the subject of the county court action, was not listed.

{¶ 21} Because the county court action was not dismissed on the merits and the administrative action sub judice involved allegations of violating ordinance sections other than Section 8.06, we find the trial court erred in finding the doctrine of res judicata applied in this case.

{¶ 22} However, "[b]y virtue of the two-issue rule, a decision which is supported by one or more alternate grounds properly submitted is invulnerable to attack on one issue only." *Freeport Lodge #415 Free & Accepted Masons of Ohio v. MC Mineral Company,* 5th Dist. Guernsey No. 18 CA 2, 2018-Ohio-3783, ¶ 12, citing *Suermondt v. Lowe,* 5th Dist. Morgan No. 10-CA-2, 2011-Ohio-5752, ¶ 22, citing *Hampel v. Food Ingredients Specialties, Inc.,* 89 Ohio St.3d 169, 185, 729 N.E.2d 726 (2000).  Because the trial court also found that the record does not, by a preponderance of the evidence, support the finding that appellee violated the ordinance and appellant has not challenged this finding on appeal, the judgment must be affirmed.

{¶ 23} The sole assignment of error is denied.

{¶ 24} The judgment of the Court of Common Pleas of Muskingum County, Ohio is hereby affirmed.

By Wise, Earle, J.

Hoffman, P.J. and

Delaney, J. concur.

EEW/db 925