[Cite as *Pay N Stay Rentals, L.L.C. v. Canton*, 2020-Ohio-1573.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| PAY N STAY RENTALS, LLC | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellant | Hon. W. Scott Gwin, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | Case No. 2019 CA 00148 |
| CITY OF CANTON | |
| Defendant-Appellee | O P I N IO N |

CHARACTER OF PROCEEDINGS:   Appeal from the Stark County Court of
Common Pleas, Case No. 2019-CV-66

JUDGMENT:   Affirmed

DATE OF JUDGMENT ENTRY:   April 17, 2020

APPEARANCES:

For Plaintiff-Appellant

JOHN V. BOGGINS, ESQ.
1428 Market Avenue, North
Canton, Ohio  44714-2616

MELISSA S. ULRICH, ESQ.
5888 Linder Circle, N.E.
Canton, Ohio  44721

For Defendant-Appellee

KEVIN R. L'HOMMEDIEU
PHILLIP D. SCHANDEL
Canton Law Department
218 Cleveland Avenue, S.W.
Canton, Ohio  44701-1906

*Hoffman, P.J.*

{¶1}    Plaintiff-appellant Pay N Stay Rentals, LLC ("PNS") appeals the September 12, 2019 Judgment Entry entered by the Stark County Common Pleas Court affirming the decision of the defendant-appellee City of Canton ("Canton") Zoning Board PNS's non-conforming use of its property was voluntarily discontinued or abandoned for more than one year.

STATEMENT OF THE FACTS AND CASE

{¶2}    In October, 2018, PNS purchased property located at 1610 Yale Avenue N.W., in Canton, Ohio.  The structure located on the property was built in 1920 as a single-family residence.  In 1946, the structure was converted into a four-unit residence.

{¶3}    In 1977, Canton enacted its Zoning Code, which restricted structures in the area of PNS's property to single-family residences.  Because of the structure's pre-existing use as a four-unit residence, it was "grandfathered" and allowed to keep its nonconforming use unless "voluntarily discontinued or abandoned for more than one year" pursuant to Canton Cod. Ord. 1133.03(d).  If voluntarily discontinued or abandoned, the structure would revert to a single-family residence and could only regain its nonconforming use status by being granted a variance by the Board of Zoning Appeals.

{¶4}    The property was purchased by Nick and Parthena Halkides in 1974, but due to a series of health problems, the property remained vacant for a long period of time.  Nick Halkides passed away in 2013, and the property was transferred to Parthena Halkides.  The neighbors observed the deterioration of the structure of the home, and the lack of maintenance of the property.

{¶5}    PNS purchased the property for $26,400.00 at auction in 2018.  Within thirty days of the sale, PNS submitted an application to Canton to register the building as a

four-unit residence, and paid the registration fee. A week later, Canton rejected the application and returned the fee, claiming the property had lost its nonconforming multi-family use status due to abandonment.

{¶6} PNS filed an appeal with the Board of Zoning Appeals on November 27, 2018. A hearing was held on December 18, 2018. On January 4, 2019, Canton issued a letter denying the nonconforming use. The Board of Zoning Appeals found the nonconforming use was voluntarily discontinued or abandoned for more than one year pursuant to Canton Cod. Ord. 1133.03(d).

{¶7} PNS filed an appeal of the decision of the Board of Zoning Appeals to the Stark County Common Pleas Court. PNS also filed a request for a transcript of the hearing. Canton notified PNS due to an error, the testimony taken at the hearing was not recorded.

{¶8} On February 4, 2019, the Common Pleas Court received the decision of the Board of Zoning Appeals, the Board of Zoning Appeals application, the list of property owners notified as required by ordinance, the agenda for the Board of Zoning Appeals, the minutes of the Board of Zoning Appeals meeting, and the findings of fact of the Board of Zoning Appeals.

{¶9} The trial court affirmed the decision of the Board of Zoning Appeals, finding its conclusion the property lost its status as a nonconforming use due to abandonment was supported by a preponderance of evidence in the record, and was not an abuse of discretion. It is from the September 12, 2019 judgment of the trial court affirming the decision of the Board of Zoning Appeals PNS prosecutes its appeal, assigning as error:

I. THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT AFFIRMED THE APPELLEE CITY OF CANTON BOARD OF ZONING APPEALS' DECISION THAT THE 4-UNIT APARTMENT BUILDING LOCATED AT 1610 YALE AVENUE N.W. IN CANTON, OHIO, HAD BEEN ABANDONED, THEREBY LOSING ITS NON-CONFORMING MULTI-FAMILY STATUS UNDER THE ZONING ORDINANCES FOR THE CITY OF CANTON.

II. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FOUND THAT THE APPELLEE CITY OF CANTON BOARD OF ZONING APPEALS' DECISION WAS SUPPORTED BY A PREPONDERANCE OF THE EVIDENCE.

I.

{¶10} PNS argues the court erred as a matter of law in finding the Halkides family abandoned the nonconforming use of the property. PNS argues problems with maintenance of the property are insufficient as a matter of law to demonstrate abandonment; and actual intent to abandon the property must be shown. PNS argues because the Halkides family continued to pay registration fees for a four-unit dwelling and marketed the property at auction as a four-unit dwelling, intent to abandon was not demonstrated and the trial court erred in affirming the decision of the Board of Zoning Appeals.

{¶11} R.C. 2506.04 sets forth the applicable standard of review for a court of common pleas in an administrative appeal:

[T]he court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record. Consistent with its findings, the court may affirm, reverse, vacate, or modify the order, adjudication, or decision, or remand the cause to the officer or body appealed from with instructions to enter an order, adjudication, or decision consistent with the findings or opinion of the court. The judgment of the court may be appealed by any party on questions of law as provided in the Rules of Appellate Procedure and, to the extent not in conflict with those rules, Chapter 2505 of the Revised Code.

**{¶12}** The Ohio Supreme Court further explained:

[W]e have distinguished the standard of review to be applied by common pleas courts and courts of appeals in R.C. Chapter 2506 administrative appeals. The common pleas court considers the 'whole record,' including any new or additional evidence admitted under R.C. 2506.03, and determines whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence. *See Smith v. Granville Twp. Bd. of Trustees* (1998), 81 Ohio St.3d 608, 612, 693 N.E.2d 219, * * * citing *Dudukovich v. Lorain Metro. Hous. Auth.* (1979), 58 Ohio St.2d 202, 206–207, 12 O.O.3d 198, 389 N.E.2d 1113 * * *.

{¶13}  *Henley v. Youngstown Bd. of Zoning Appeals*, 90 Ohio St.3d 142, 147, 735 N.E.2d 433 (2000).

{¶14}  As an appellate court, however, our standard of review to be applied in an R.C. 2506.04 appeal is "more limited in scope." *Kisil v. Sandusky*, 12 Ohio St.3d 30, 34, 12 OBR 26, 465 N.E.2d 848 (1984). "This statute grants a more limited power to the court of appeals to review the judgment of the common pleas court only on 'questions of law,' which does not include the same extensive power to weigh 'the preponderance of substantial, reliable and probative evidence,' as is granted to the common pleas court." *Id*. at fn.4. *See, also, Health Management, Inc. v. Union Twp. Bd. of Zoning Appeals*, 118 Ohio App.3d 281, 285, 692 N.E.2d 667 (1997). "It is incumbent on the trial court to examine the evidence. Such is not the charge of the appellate court." *Lorain City School Dist. Bd. of Edn. v. State Emp. Relations Bd.*, 40 Ohio St.3d 257, 261, 533 N.E.2d 264 (1988).

{¶15}  Ultimately, the standard of review for appellate courts in a Section 2506 zoning appeal is whether the common pleas court abused its discretion in making its determinations pursuant to R.C. 2506.04. See *Weber v. Troy Twp. Bd. of Zoning Appeals*, 5th Dist. Delaware No. 07 CAH 04 0017, 2008-Ohio-1163, ¶13; *Powers v. City of Rocky River Bd. of Zoning Appeals*, 8th Dist. Cuyahoga No. 70439, 1996 WL 648689 (Nov. 7, 1996). Thus, the standard of review for appellate courts in this context is "designed to strongly favor affirmance." *Frazeysburg v. Stokes*, 5th Dist. Muskingum No. CT2018-0022, 2018-Ohio-4153, ¶17, *citing Cleveland Clinic Foundation v. Cleveland Board of Zoning Appeals,* 141 Ohio St.3d 318, 2014-Ohio-4809, 23 N.E.3d 1161. These standards permit reversal only when the common pleas court errs in its application or interpretation

of the law or its decision is unsupported by a preponderance of the evidence as a matter of law. *Cleveland Clinic Foundation, supra*, at ¶ 30.

**{¶16}** PNS argues the trial court erred as a matter of law in its interpretation of the law concerning abandonment, and thereby erred in finding the decision of the Board of Zoning Appeals to be supported by a preponderance of the evidence.

**{¶17}** Canton Codified Ordinance 1133.03 provides in pertinent part:

If a lawful use involving individual structures, or of a structure and premises in combination exists at the effective date of adoption or amendment of this Zoning Ordinance that would not be allowed in the district under the terms of this Ordinance, the lawful use may be continued so long as it remains otherwise lawful, subject to the following provisions:

(d) When a nonconforming use of a structure, or structure and premises in combination is voluntarily discontinued or abandoned for more than one year, the structure or structure and premises in combination, shall not thereafter be used except in conformity with the regulations of the district in which it is located unless approved by the Board of Zoning Appeals.

**{¶18}** PNS cites this Court's definition of "abandonment" as set forth in *Durben v. Malek*, 5th Dist. Tuscarawas No. 2013 AP 08 0032, 2014-Ohio-2611, ¶ 30:

"Abandonment requires affirmative proof of the intent to abandon coupled with acts or omissions implementing the intent." *Village of New*

*Richmond v. Painter*, 12th Dist. No CA2002–10–080, 2003–Ohio–3871 at ¶ 9, citing *Davis v. Suggs* (1983), 10 Ohio App.3d 50, 52, 460 N.E.2d 665. Intent to abandon "must be shown by unequivocal and decisive acts indicative of abandonment." *Erie Metroparks Bd. of Commrs. v. Key Trust Co. of Ohio*, 145 Ohio App.3d 782, 790, 2001–Ohio–2888 at ¶ 47 (Citations omitted). Mere non-use is not sufficient to establish the fact of abandonment, absent other evidence tending to prove the intent to abandon." *Long v. Noah's Lost Ark Inc.,* 158 Ohio App .3d 206, 814 N.E.2d 555, 2004–Ohio–4155, ¶ 35 (7th Dist.) (quoting *Davis v. Suggs*, 10 Ohio App.3d 50, 52, 460 N.E.2d 665 (12th Dist .1983).

**{¶19}** We note *Durben* did not deal with the issue of discontinued or abandoned nonconforming use of property in a zoning context, but rather dealt with the issue of abandonment of personal property in a tort action for conversion.

**{¶20}** PNS also cites this Court to *City of Canton v. Pappas*, 5th Dist. Stark No. 5726, 1982 WL 2910.  In *Pappas*, this Court considered Canton's action to enjoin Pappas from operating a bar, alleging the bar had lost its right to operate as nonconforming use because it closed in 1977, shortly after the previous owner died. Pappas bought the property in 1979, and eventually reopened the bar in 1980. This Court held the discontinuance of the nonconforming use was involuntary rather than voluntary based on several factors:

It is the conclusion of this court that the cessation of the operation of the bar from November 11, 1977 to February, 1980 was an involuntary discontinuance because of the death of two parties, to wit: the licenseholder and operator of the bar and the death of the landowner or owner of the property or the building with resulting complications of administrations of estate. The repeated renewal of D-5 license in the name of the estate and designating the subject premises is an overt expression of intent to continue the business at that location.

The sickness of the barmaid and the disrepair of the building and orders by the Safety Department to temporarily discontinue are facts tending to justify the discontinuance of the business. The extensive need of repair and refurbishing the building which were done appear reasonable.

**{¶21}** *Id.* at *3.

**{¶22}** PNS argues the instant case is indistinguishable from *Pappas* because just as the bar owner continued to purchase a liquor license, Mrs. Halkides continued to pay the registration fee for the home as a four-unit dwelling. However, the purchase of the liquor license was not the only evidence we relied on in *Pappas* to conclude the use was not voluntarily discontinued or abandoned. In *Pappas,* the totality of the evidence demonstrated an ongoing intent to use the building as a bar, and an involuntary temporary discontinuance of use of the building as a bar.

**{¶23}** In the instant case, the evidence at the hearing demonstrated while Mrs. Halkides continued to pay the four-unit registration fee, the building had been vacant

since the 1980's. While a friend and neighbor of Mrs. Halkides testified she mowed the lawn and picked up trash from the property, and the property was therefore not "abandoned," we note there is a distinction between the property itself being abandoned, and the nonconforming use being abandoned. While there was evidence family did not want to sell the home because it had belonged to an aunt, for approximately 30 years the family did nothing other than pay the four-unit registration fee to maintain the nonconforming use of the property as a four-unit dwelling. In fact, the testimony of Elizabeth Burick, owner of PNS, established when the property was being rented out, the rental was too much for Mrs. Halkides to handle. All of this evidence supports the conclusion of the Board of Zoning Appeals Mrs. Halkides voluntarily discontinued or abandoned use of the property as a four-unit rental dwelling for more than a year prior to its sale to PNS.

**{¶24}** We find the trial court did not abuse its discretion in affirming the decision of the Board of Zoning Appeals, as the court did not err in its application or interpretation of the law, nor was its decision unsupported by a preponderance of the evidence as a matter of law.

**{¶25}** The first assignment of error is overruled.

II.

**{¶26}** PNS argues the trial court abused its discretion in overruling its motion for an evidentiary hearing, and in finding the decision of the Board of Zoning Appeals supported by a preponderance of the evidence. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or

unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

**{¶27}** PNS first argues the trial court abused its discretion in not conducting an evidentiary hearing because there was no transcript of the proceedings filed, nor was the file of the Building Department filed with the trial court.

**{¶28}** PNS argues pursuant to R.C. 2506.03, the trial court was required to hold an evidentiary hearing because no transcript of the proceedings was available:

(A) The hearing of an appeal taken in relation to a final order, adjudication, or decision covered by division (A) of section 2506.01 of the Revised Code shall proceed as in the trial of a civil action, but the court shall be confined to the transcript filed under section 2506.02 of the Revised Code unless it appears, on the face of that transcript or by affidavit filed by the appellant, that one of the following applies:

(1)The transcript does not contain a report of all evidence admitted or proffered by the appellant.

(2) The appellant was not permitted to appear and be heard in person, or by the appellant's attorney, in opposition to the final order, adjudication, or decision, and to do any of the following:

(a) Present the appellant's position, arguments, and contentions;

(b) Offer and examine witnesses and present evidence in support;

(c) Cross-examine witnesses purporting to refute the appellant's position, arguments, and contentions;

(d) Offer evidence to refute evidence and testimony offered in opposition to the appellant's position, arguments, and contentions;

(e) Proffer any such evidence into the record, if the admission of it is denied by the officer or body appealed from.

(3) The testimony adduced was not given under oath.

(4)  The appellant was unable to present evidence by reason of a lack of the power of subpoena by the officer or body appealed from, or the refusal, after request, of that officer or body to afford the appellant opportunity to use the power of subpoena when possessed by the officer or body.

(5) The officer or body failed to file with the transcript conclusions of fact supporting the final order, adjudication, or decision.

If any circumstance described in divisions (A)(1) to (5) of this section applies, the court shall hear the appeal upon the transcript and additional evidence as may be introduced by any party. At the hearing, any party may call, as if on cross-examination, any witness who previously gave testimony in opposition to that party.

**{¶29}** It is undisputed a verbatim transcript taken from a recording of the proceedings was not filed in the instant case.  However, the term "transcript" as used in this statute encompasses more than a verbatim transcript taken from a recording of the proceedings.  Neither R.C. 2506.02 or 2506.03 require a verbatim transcript of the evidence be filed; rather, a synopsis of the evidence or minutes of the meeting will suffice

as a transcript of the proceedings. *Green Vision Materials, Inc. v. Newbury Twp. Bd. of Zoning Appeals*, 11th Dist. Geauga No. 2013-G-3136, 2014-Ohio-4290, ¶15.

**{¶30}** Because no verbatim transcript of the proceedings was required, and Canton filed the detailed minutes of the meeting, PNS was required to demonstrate one of the circumstances set forth in R.C. 2506.03(A)(1) to (5) to be entitled to an evidentiary hearing.

**{¶31}** Despite being given multiple opportunities by the trial court to present the court with evidence not included in the minutes of the meeting pursuant to R.C. 2506.03(A)(1), PNS failed to identify or present the court with any additional evidence admitted or proffered which was not included in the record of the proceedings. Further, while PNS argues in this assignment of error the board failed to file conclusions of fact supporting its decision, a document titled "Findings of Fact to Support Decision to Deny" was filed with the record of the proceedings as Exhibit F.

**{¶32}** PNS also argues the court abused its discretion in failing to review the entire Building Department file. While the court states in its judgment entry the complete Building Department record was forwarded promptly, if this is indeed the case, the Building Department record was not filed as part of the record before this Court. However, we find no abuse of discretion in failing to file or review the Building Department file. PNS points to nothing in the record suggesting the file was reviewed by the Board of Zoning Appeals. In fact, the only evidence submitted on the issue was the affidavit of board member Kathleen Tatarsky, filed by Canton, averring she did not review the entire Building Department file on the property, and the file was not presented or considered at the Board of Zoning Appeals meeting. We find no abuse of discretion in the trial court's

failure to consider the Building Department file, as the record demonstrates it was not considered at the meeting.

**{¶33}** PNS argues the decision was based on hearsay and on evidence irrelevant to abandonment. "Since the BZA is not a court of law, it is not required to follow the rules of evidence, including the admissibility of evidence and hearsay testimony, as well as rulings on objections. The fact that the BZA may be composed of a body of lay people must be taken into consideration * * *." *Hollinger v. Pike Twp. Bd. of Zoning Appeals,* 5th Dist. Stark No. 2009CA00275, 2010-Ohio-5097, ¶ 60, *quoting North Coast Payphones, Inc. v. Cleveland,* 8th Dist. Cuyahoga No. 88190, 2007–Ohio–6991, ¶11.

**{¶34}** We find no error in the consideration of hearsay testimony. Further, while evidence was presented of matters not relevant to abandonment, such as problems with PNS's other rental properties and the effect on the community of a four-unit rental, the record reflects legal counsel for Canton steered the testimony toward the issue of abandonment at several points in the hearing, and the factual conclusions of the board members reflect they focused properly on the issue of abandonment or discontinuation of the nonconforming use.

**{¶35}** Finally, PNS argues the court abused its discretion in finding the owners of the property intended to abandon the nonconforming use because they continued to pay registration fees for a four-unit rental property. For the reasons set forth in our discussion of the first assignment of error, we find the court did not abuse its discretion in affirming the decision of the Board of Zoning Appeals on this issue.

**{¶36}**  The second assignment of error is overruled.

**{¶37}**  The judgment of the Stark County Common Pleas Court is affirmed.

By: Hoffman, P.J.

Gwin, J.  and

Delaney, J. concur