[Cite as *In re Eberly v. Danley*, 2021-Ohio-2919.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| IN THE MATTER OF: | JUDGES:<br>Hon. Craig R. Baldwin, P. J. |
| CLARISSA EBERLY nka<br>CLARISSA RABER | Hon. William B. Hoffman, J.<br>Hon. John W. Wise, J. |
| Appellee | |
| -vs- | Case No. 2021 AP 01 0001 |
| DONALD DANLEY | |
| Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:    Civil Appeal from the Court of Common
Pleas, Juvenile Division, Case No. 2007
PA 00243


JUDGMENT:    Dismissed


DATE OF JUDGMENT ENTRY:    August 24, 2021


APPEARANCES:

For Appellee    For Appellant Father

    DONALD DANLEY
    PRO SE
    P.O. Box 114
    Fresno, Ohio 43824

*Wise, J.*

**{¶ 1}** Appellant Donald Danley appeals from the judgment entered in Tuscarawas County Court of Common Pleas, Juvenile Court Division, denying his motion to establish/modify visitation.

## STATEMENT OF THE FACTS AND CASE

**{¶ 2}** Appellant Donald Danley and Appellee Clarissa Eberly nka Clarissa Raber are the parents of minor child D.D. (dob 02/22/2007).

**{¶ 3}** Following an evidentiary hearing on February 15, 2019, the trial court determined that it was not in the child's best interest to have any contact with Appellant-Father.

**{¶ 4}** On January 27, 2020, Appellant filed a motion to establish/modify visitation.

**{¶ 5}** On August 25, 2020, a full evidentiary hearing was held before a magistrate. Present in court were Appellant Donald Danley, Appellee Clarissa Raber, Appellee's counsel, and the Guardian ad Litem.

**{¶ 6}** On September 18, 2020, the Magistrate's Decision was filed denying Appellant's motion to establish/modify visitation.

**{¶ 7}** On October 1, 2020, Appellant Donald Danley filed a Motion to Set Aside the Magistrate's Decision.

**{¶ 8}** On December 14, 2020, the trial court conducted a hearing via the court's teleconferencing system. Present for the hearing were Appellant, Appellee Clarissa Raber and Appellee's counsel.

**{¶ 9}** By Judgment Entry filed December 17, 2020, the trial court overruled Appellant's motion. The trial court approved and adopted the Magistrate's Decision.

{¶ 10} Appellant filed a pro se appeal.

## ANALYSIS

{¶ 11}   Upon review of Appellant's filing titled "BRIEF" in this matter, we find Appellant's brief does not comply with the Appellate Rules.

{¶ 12} Ohio Rule of Appellate Procedure 16 requires:

The appellant shall include in its brief, under the headings and in the order indicated, all of the following:

(1) A table of contents, with page references.

(2) A table of cases alphabetically arranged, statutes, and other authorities cited, with references to the pages of the brief where cited.

(3) A statement of the assignments of error presented for review, *with reference to the place in the record where each error is reflected.*

(4) A statement of the issues presented for review, with references to the assignments of error to which each issue relates.

(5) A statement of the case briefly describing the nature of the case, the course of proceedings, and the disposition in the court below.

(6) A statement of facts relevant to the assignments of error presented for review, with appropriate references to the record in accordance with division (D) of this rule.

(7) An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. The argument may be preceded by a summary.

(8) A conclusion briefly stating the precise relief sought.

**{¶ 13}** Ohio Appellate Rule 12 reads:

(A) Determination

" * * *

(2) The court may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A)."

**{¶ 14}** Compliance with the above-stated rules is mandatory. An appellate court may rely upon App.R. 12(A) in overruling or disregarding an assignment of error because of "the lack of briefing" on the assignment of error. *Henry v. Gastaldo,* 5th Dist. No. 2005–AP-03-0022, 2005-Ohio-4109, citing *Hawley v. Ritley* (1988), 35 Ohio St.3d 157, 159, 519 N.E.2d 390, 392-393; *State v. Watson* (1998) 126 Ohio App.3d, 316, 710 N.E.2d 340, discretionary appeal disallowed in (1998), 82 Ohio St.3d 1413, 694 N.E.2d 75.

**{¶ 15}** The document filed herein purporting to represent Appellant's brief does not comply in any substantial fashion whatsoever with the Ohio Rules of Appellate Procedure or the Local Rules of the Fifth Appellate Judicial District. Briefs filed in this Court, whether by counsel or pro se, must comply with App.R. 16.

**{¶ 16}** Appellant's brief does not include a table of cases, statutes, and other authority, in violation of App.R. 16(A)(1) and (2). Appellant's brief does not include a statement of the issues presented for review, as required by App.R. 16(A)(4), or a brief statement of the case, as mandated by App.R. 16(A)(5). Most importantly, Appellant has failed, *inter alia*, to set forth any assignments of error or propositions of law; App.R.

16(A)(3) requires that a brief contain assignments of error presented for review on appeal, and that they be included in a separate statement.

{¶ 17} The brief disjunctively enumerates facts and allegations. Appellant further fails to set forth any arguments in support of his brief other than to state that the Guardian ad Litem's testimony was not supported by the evidence. Further, Appellant fails to cite to those parts of the record relating to such arguments.

{¶ 18} This Court will not assume the role of advocate for Appellant in attempting to organize and prosecute the arguments on appeal. As this Court has previously observed in *Musleve v. Musleve*, 5th Dist. No. 2007CA00314, 2008-Ohio-3961, "It is not a function of this Court to construct a foundation for claims; failure to comply with the rules governing practice in the appellate court is a tactic which is ordinarily fatal."

{¶ 19} Compliance with the appellate rules is mandatory. Appellant's failure to comply with App.R. 16 is tantamount to failing to file a brief in this matter. Pursuant to App.R. 12(A)(2), we are not required to address issues which are not argued separately as assignments of error, as required by App.R. 16(A). Kremer v. Cox, 114 Ohio App.3d 41, 60, 682 N.E.2d 1006 (1996); Hawley v. Riley, 35 Ohio St.3d 157, 159, 519 N.E.2d 390 (1988). Such deficiencies permit this Court to dismiss Appellant's appeal.

{¶ 20} For the foregoing reasons, we order the appeal of the judgment of the Court of Common Pleas, Juvenile Division, Tuscarawas County, Ohio, be dismissed for want of prosecution.

By: Wise, J.

Baldwin, P. J., and

Hoffman, J., concur.

JWW/d kw 0817