[Cite as *T & R Properties v. Berlin Twp. Bd. of Zoning Appeals*, 2025-Ohio-2947.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| T & R PROPERTIES, et al., | Case No. 2025 CAE 02 0011 |
| Plaintiffs - Appellants | Opinion And Judgment Entry |
| -vs- | Appeal from the Delaware County Court of Common Pleas, Case No. 24 CVF 04 0437 |
| BOARD OF ZONING APPEALS, BERLIN TOWNSHIP, et al., | |
| Defendants – Appellees | Judgment:   Affirmed |
| | Date of Judgment Entry: August 15, 2025 |

**BEFORE:** Craig R. Baldwin; Andrew J. King; Robert G. Montgomery; Appellate Judges

**APPEARANCES:** JOSHUA S. NAGY and BENJAMIN S. ZACKS, for Plaintiffs-Appellants; PAUL-MICHAEL LA FAYETTE and CARA M. WRIGHT, for Defendants-Appellees.

OPINION

*Montgomery, J.*

## STATEMENT OF THE FACTS AND THE CASE

{¶1}  Appellants, T & R Properties, Inc., Berlin Industrial, LLC and Berlin Apartments, LLC (hereinafter referred to collectively as "T&R") purchased two parcels of property located in Berlin Township and sought to rezone them into a business park. Parcel number 41821002004001 will be referred to as the Industrial Parcel and Parcel number 41821002005001 will be referred to as the Residential Parcel.

**{¶2}** T&R proposed its plan to rezone the Industrial Parcel into an industrial warehousing development to the Berlin Township Architectural Review Board (hereinafter "Review Board") on February 8, 2023. The Review Board found that T&R's plan did not meet their standards. T&R then appeared before the Berlin Zoning Commission (hereinafter "Zoning Commission") on February 28, 2023, for an administrative review. After review, the Zoning Commission voted not to approve T&R's proposal.

**{¶3}** In April 2023, the Berlin Township Trustees (hereinafter "Trustees") considered T&R's Industrial Parcel proposal and voted to conditionally approve the plan without adding NAICS code 493 as an approved code.[1]

**{¶4}** T&R proposed its development plan to permit sufficient density of Residential Parcel to the Delaware County Regional Planning Commission (hereinafter "Planning Commission") on January 26, 2023. The Planning Commission voted to conditionally approve T&R's plan. T&R then appeared before the Zoning Commission on February 14, 2023, and again on March 21, 2023, with their proposal for the Residential Parcel. After a review of the Planning Commission's report and hearing additional information presented by T&R, the Zoning Commission voted not to approve T&R's proposal. T&R then sought approval from the Trustees. The Trustees also denied T&R's proposal.

---

[1] The United States Census Bureau defines NAICS code 493 as, "warehousing and storage facilities for general merchandise, refrigerated goods and other warehouse products. These establishments provide facilities to store goods. They do not sell goods they handle. These establishments take responsibility for storing goods and keeping them secure."

**{¶5}** Following the decisions of the Zoning Commission and Trustees, T&R presented six applications to the Zoning Board of Appeals (hereinafter referred to as "BZA") in February 2024:

a) Application BZA 23-006 was an appeal from the Trustee's April 24, 2023, decision. Application BZA 23-007 was an appeal from the Trustee's June 12, 2023, decision. The BZA dismissed both applications finding that it lacked jurisdiction to hear the appeals.

b) Application BZA 24-001 was a request for a use-variance on the Industrial Parcel to add NAICS code 493. The BZA denied this application.

c) Application BZA 24-002 was a request for an area-variance to permit 126 parking spaces and 12 loading docks per building on the Industrial Parcel. The BZA approved the variance for the parking spaces and denied the variance for the loading docks.

d) Application BZA 24-003 requested a use-variance and BZA 24-004 requested an area variance for the Residential Parcel. Both were denied by the BZA.

**{¶6}** T&R appealed the six decisions of the BZA to the Delaware County Court of Common Pleas. The Delaware County Court of Common Pleas affirmed the decisions of the BZA.

**{¶7}** T&R now appeals the decision of the Delaware County Court of Common Pleas to this Court.

**{¶8}** T&R asserts the following assignments of error:

**{¶9}** "I. THE TRIAL COURT ABUSED ITS DISCRETION BY REFUSING TO EXPAND THE RECORD."

**{¶10}** "II. THE TRIAL COURT ERRED AS A MATTER OF LAW BY FAILING TO CONSIDER WHETHER THE BZA'S ORDERS WERE SUPPORTED BY RELIABLE, PROBATIVE, AND SUBSTANTIAL EVIDENCE."

**{¶11}** "III. THE TRIAL COURT ABUSED ITS DISCRETION BY FINDING THE BOARD OF ZONING APPEALS' DECISION WAS SUPPORTED BY RELIABLE, PROBATIVE, AND SUBSTANTIAL EVIDENCE."

**{¶12}** "IV. THE TRIAL COURT ABUSED ITS DISCRETION BY FINDING THAT THE BZA'S ORDERS WERE NOT ARBITRARY, CAPRICIOUS, OR UNREASONABLE."

**{¶13}** "V. THE TRIAL COURT ERRED AS A MATTER OF LAW BY DETERMINING THAT IT LACKS SUBJECT-MATTER JURISDICTION REGARDING BZA 23-007."

## STANDARD OF REVIEW

**{¶14}** Administrative orders issued by an administrative agency can be reviewed by a trial court pursuant to R.C.2506. R.C. 2506.01(A) provides, "[e]very final order, adjudication, or decision of any officer, tribunal, authority, board, bureau, commission, department, or other division of any political subdivision of the state may be reviewed by the court of common pleas of the county in which the principal office of the political subdivision is located as provided in Chapter 2505. of the Revised Code."

**{¶15}** An appellate court may review decisions of a trial court under an abuse of discretion standard. T&R cites *Blakemore v. Blakemore*, 5 Ohio St.3d 217 (1983) in stating, "A trial court abuses its discretion where its decision is 'unreasonable, arbitrary or unconscionable[.]'. This standard includes purely discretionary decisions made by the trial court; for example, whether to go beyond the administrative transcript." *Kurutz v. City of Cleveland*, 2018-Ohio-2398. *Appellant Brief,* p. 12.

**{¶16}** Within forty days after filing a notice of appeal in relation to a final order, adjudication, or decision covered by division (A) of section 2506.01 of the Revised Code, "the officer or body from which the appeal is taken, upon the filing of a praecipe by the appellant, shall prepare and file in the court to which the appeal is taken, a complete transcript of all the original papers, testimony, and evidence offered, heard, and taken into consideration in issuing the final order, adjudication, or decision."

**ANALYSIS**

**{¶17}** T&R's first assignment of error argues that the trial court abused its discretion by refusing to expand the record.

**{¶18}** T&R argues that "the Trial Court abused its discretion when it refused to expand the record, and accordingly, the Trial Court's determination that the BZA's decision was was [sic] not arbitrary, caprious [sic], or unreasonable was not based upon the entire scope of evidence that should have been before the Trial Court." *Appellant Brief*, p. 12.

**{¶19}** In support of its argument, T&R asserts that "The Trial Court misapplied the law by finding the exclusion of the Notice of Appeal as immaterial." *Id.*, p. 13. T&R asserts that R.C. 2505.04 states that the Notice of Appeal "becomes part of the case transcript." *Id.*

**{¶20}** T&R cites no case law or authority other than R.C. 2505.04 to support this argument. R.C 2505.04 speaks to when an appeal is perfected. R.C. 2505.04 states, "An appeal is perfected when a written notice of appeal is filed, in the case of an appeal of a final order, judgment, or decree of a court, in accordance with the Rules of Appellate Procedure or the Rules of Practice of the Supreme Court, or, in the case of an

administrative-related appeal, with the administrative officer, agency, board, department, tribunal, commission, or other instrumentality involved." Nowhere in the statutory language does it state that the Notice of Appeal becomes part of the case transcript.

**{¶21}** T&R next argues that "The trial court misapplied the law by imposing the BZA's R.C. 2506.03(A)(1) burden on T&R and by applying inapplicable rules of evidence." *Appellant Brief*, p. 14.

**{¶22}** During the hearing before the BZA, T&R attempted to proffer evidence. The trial court found, "[D]evelopers attempted to proffer the evidence. They did not, however, complete their attempt to proffer before the vote, and they failed to note for the record what the proposed exhibits would have been." *10/10/24 Judgment Entry*, p. 6.

**{¶23}** T&R argues that it is "BZA's burden to produce a report of all evidence proffered." *Appellant Brief*, p. 14. This Court agrees. However, T&R fails to point to any successfully proffered evidence that the BZA failed to include in its transcript. Therefore, this Court finds that the trial court did not misapply the law.

**{¶24}** Finally, T&R argues that the trial court misapplied the Ohio Rules of Evidence in its decision regarding the attempted proffered evidence. *Appellant Brief*, p. 15.

**{¶25}** As previously stated, the trial court found that "They (T&R) did not, however, complete their attempt to proffer before the vote, and they failed to note for the record what the proposed exhibits would have been." *10/10/24 Judgment Entry*, p. 6.

**{¶26}** T&R argues that the trial court relied on Evid.R. 101(A) in making this decision. *Appellant Brief*, p. 15. T&R cites *Plain Local Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 2011-Ohio-3362, ¶ 20, in support of its argument that the Ohio Rules

of Evidence do not directly apply in administrative proceedings. *Plain Local Schools,* at ¶ 20, states, "[t]he Ohio Rules of Evidence do not directly apply in administrative proceedings, Evid.R. 101(A), but that an administrative tribunal such as the BOR or the BTA is justified in consulting the rules for guidance."

**{¶27}** This Court agrees that the Ohio Rules of Evidence do not directly apply in administrative proceedings, however, an administrative tribunal is justified in consulting the rules for guidance. The BZA is an administrative tribunal and was therefore justified in consulting the Ohio Rules of Evidence for guidance.

**{¶28}** T&R's first assignment of error is overruled.

**{¶29}** T&R argues in its second assignment of error that the trial court erred as a matter of law by failing to consider whether the BZA's orders were supported by reliable, probative, and substantial evidence.

**{¶30}** T&R misstates R.C. 2506.04 in its argument that "[t]he trial court was required as a matter of law to consider and determine both whether the BZA's orders were unconstitutional, arbitrary, caprious [sic] or unreasonable **and** whether the BZA's orders were supported by substantial, reliable, and probative evidence." *Appellant Brief*, p. 16. (Emphasis added.)

**{¶31}** T&R once again fails to cite any case law or authority other than R.C. 2506.04 as support for its statement.

**{¶32}** R.C. 2506.04 states, "If an appeal is taken in relation to a final order, adjudication, or decision covered by division (A) of section 2506.01 of the Revised Code, the court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, **or** unsupported by the preponderance of substantial,

reliable, and probative evidence on the whole record." (Emphasis added.) R.C. 2506.04 is written in the alternative. The trial court found that "The BZA's decisions are not arbitrary, capricious, or unreasonable." *1/8/2025 Judgment Entry*, p. 24. The trial court was not required to also find that the decisions were supported by substantial, reliable and probative evidence.

**{¶33}** T&R's second assignment of error is overruled.

**{¶34}** T&R's third assignment of error states that "The trial court abused its discretion by finding the board of Zoning Appeals' decision was supported by reliable, probative, and substantial evidence." *Appellant Brief*, p. 4. However, in the Argument section of Appellant's brief, T&R asserts its third assignment of error as, "The Trial Court abused its discretion by finding that the BZA's orders were not arbitrary, capricious or unreasonable." *Id.*, p. 16.

**{¶35}** T&R explains that this discrepancy is the result of an inadvertent formatting issue and that the third assignment of error listed in the Assignment of Error section of T&R's brief was unintentionally included. *Reply Brief of Appellant*, p. 6.

**{¶36}** T&R failed to argue its' third assignment of error in its brief and withdrew said error in its reply brief. *Id.*, p. 6. Therefore, this Court overrules T&R's third assignment of error.

**{¶37}** T&R's next assignment of error argues that the trial court abused its discretion when it found that the BZA's orders were not arbitrary, capricious or unreasonable. *Appellant Brief*, p. 16.

**{¶38}** T&R makes various statements in support of its argument:

a) "The trial court abused its discretion by finding that the BZA's denial of T&R use and area variances were not decided arbitrarily, capriciously, nor unreasonably." *Appellant Brief*, p. 17.

b) "The trial court abused [sic] by relying on the Trustee's contradicted statements." *Id.*

c) "The trial court abused its discretion by finding the BZA's reliance on continued agriculture use of either of T&R's parcels to not be arbitrary or capricious." *Id.*

d) "The Trial Court abused its discretion by finding that the transcript lacked evidence as to warehousing and storage and NAICS 493." *Id.*, p. 18.

e) "The Trial Court abused its discretion in finding the denial of the twelve dock spaces proper." *Id.*, p. 19.

**{¶39}** T&R relies on *Pay N Stay Rentals, LLC v. City of Canton*, 2020-Ohio-1573, ¶ 15 (5th Dist.) as authority for its argument. "[T]he standard of review for appellate courts in a Section 2506 zoning appeal is whether the common pleas court abused its discretion in making determinations pursuant to R.C. 2506.04." *Id.*, p. 7.

**{¶40}** In our review of *Pay N Stay*, this Court finds that the *Pay N Stay* court went on to find, "[t]he standard of review for appellate courts in this context is designed to strongly favor affirmance." *Id.* (Internal cites omitted.) *Pay N Stay* further found, "These standards permit reversal only when the common pleas court errs in its application or

interpretation of the law or its decision is unsupported by a preponderance of the evidence as a matter of law." *Id.,* at ¶ 15.

**{¶41}** Upon review of T&R's argument, this Court finds that T&R has failed to reference any laws that were misapplied or misinterpreted by the trial court. Instead, T&R's argument focuses on the assertion that the trial court erred in its evaluation of the evidence and made incorrect findings with respect to the evidence submitted.

**{¶42}** The proper standard of review for common pleas courts and appellate courts was discussed in *Henley v. Youngstown Bd. of Zoning Appeals*, 2000-Ohio-493, citing *Smith v. Granville Twp. Bd of Trustees*, 81 Ohio St.3d 608, 612. (Other cites omitted.) *Henly* states, "Construing the language of R.C. 2506.04, we have distinguished the standard of review to be applied by common pleas courts and courts of appeals in R.C. Chapter 2506 administrative appeals. The common pleas court considers the 'whole record,' including any new or additional evidence admitted under R.C. 2506.03, and determines whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence." *Henley*, at ¶ 1.

**{¶43}** In contrast, "An appeal to the court of appeals, pursuant to R.C. 2506.04, is more limited in scope and requires that court to affirm the common pleas court, unless the court of appeals finds, as a matter of law, that the decision of the common pleas court is not supported by a preponderance of reliable, probative and substantial evidence." *Id.*

**{¶44}** *Kisil v. City of Sandusky*, 12 Ohio St.3d 30, 34 (1984)*,* also gives guidance to this Court. "Courts of appeals may review the judgment of the common pleas court only on 'questions of law,' which does not include the same power to weigh 'the

preponderance of substantial, reliable and probative evidence,' as is granted to the common pleas court."

**{¶45}** Appellate courts must not substitute their judgment for those of an administrative agency or a trial court absent the approved criteria for doing so. *Lorain City School Dist. Bd. of Edn. v. State Emp. Relations Bd.*, 40 Ohio St.3d 257, 4 (1988). "It is incumbent on the trial court to examine the evidence. Such is not the charge of the appellate court. * * * The fact that the court of appeals, or this court, might have arrived at a different conclusion than the administrative agency is immaterial. Appellate courts must not substitute their judgment for those of an administrative agency or a trial court absent the approved criteria for doing so. *Id.*, at ¶ 261.

**{¶46}** The trial court considered the whole record and found that "The BZA's decisions are not arbitrary, capricious, or unreasonable." *1/8/25 Judgment Entry*, p. 24. T&R has not shown that there is a question of law or criteria for this Court to substitute its judgment for that of the trial court. Given the evidence in the record that was carefully reviewed by the trial judge, we cannot find that it was either unreasonable, arbitrary or unconscionable. Appellant's fourth assignment of error is overruled.

**{¶47}** T&R's final assignment of error argues that the trial court erred as a matter of law by determining that it lacks subject matter jurisdiction regarding BZA 23-007.

**{¶48}** T&R asserts that "The trial court seemingly conflates T&R's arguments as to spot-zoning as to an argument against the entirety of the BIO. Not so. Rather, T&R asserted that the denial of its development application constituted a form of spot zoning." *Appellant Brief*, p. 19. T&R fails to cite in the record where T&R made this argument or where the trial court made this finding.

**{¶49}** T&R's argument briefly references R.C. 519.021(C), however, it fails to cite any other authorities or parts of the record on which T&R relies as required by App.R. 16(A)(7).

**{¶50}** App.R. 16(A)(7) states that an appellant shall include in its brief, "An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies."

**{¶51}** App.R. 12(A)(2) states, "The court may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A)."

**{¶52}** This Court has held that "Compliance with the above-stated rules is mandatory. An appellate court may rely upon App.R. 12(A) in overruling or disregarding an assignment of error because of 'the lack of briefing' on the assignment of error." *Matter of Eberly v. Danley*, 2021-Ohio-2919, ¶ 14 (5th Dist.).

**{¶53}** This Court finds that T&R's final assignment of error fails to identify in the record where the alleged errors occurred. Therefore, this Court will disregard T&R's final assignment of error and overrule the same.

## CONCLUSION

{¶54} This Court finds that T&R's first, second, third, fourth and fifth assignments of error are overruled. The Judgment Entry Affirming the Decisions of the Berlin Township Board of Zoning Appeals filed in the Delaware County Common Pleas Court on January 8, 2025, is affirmed.

{¶55} Costs to Appellant.

By: Montgomery, J.

Baldwin, P.J. and

King, J. concur.